**JIM SOWELL CONSTRUCTION COMPANY, INC., Appellant,**

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.**

No. 05–94–00173–CV.

Court of Appeals of Texas, Dallas.

April 4, 1995.

Daniel P. Donovan and Ronald D. Gray, Geary, Porter & West, Dallas, for appellant.

Peter G. Smith and Katherine G. Rose, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for appellees.

Before KINKEADE, BARBER and JAMES,[1] JJ.

## OPINION

KINKEADE, Justice.

In this ad valorem tax appraisal case, Jim Sowell Construction Company, Inc. ("Sowell") appeals from the trial court's judgment denying Sowell judicial review and correction of the Dallas Central Appraisal District's and Dallas County Appraisal Review Board's (collectively "Appraisal Board's") valuation of Sowell's property. In fourteen points of error, Sowell contends that the trial court erred when it failed to find that the Appraisal Board wrongfully refused to allow any hearing on a protest of a valuation of real estate more than one-third overvalued. Because we hold that the trial court abused its discretion by not granting judgment in favor of Sowell, we reverse the judgment of the trial court and render.

## STIPULATED FACTS

The facts are undisputed. On January 1, 1991, Lomas Mortgage USA, Inc. ("Lomas") and Braewood Development Corp. ("Braewood") together owned 519 real estate lots in Dallas County, Texas. On or about May 15, 1991, the Appraisal Board appraised the subject property for the 1991 tax year at a total value of $7,121,000.00. This appraised value was not the result of a written agreement.

On May 31, 1991, Lomas and Braewood timely filed notices of protest regarding the 1991 appraised value pursuant to Chapter 41 of the Tax Code. The Appraisal Board scheduled a hearing for July 2, 1991. On June 28, 1991, prior to the hearing, both Lomas and Braewood withdrew their protests due to the pending sale of the property to Sowell. Although the sale was pending, no arrangement was made to substitute Sowell for Lomas or Braewood in connection with the protests pursuant to section 41.412 of the Tax Code. In addition, the record shows that Sowell received no notice from Lomas, Braewood, or the Appraisal Board that the protests were withdrawn.

On July 2, 1991, Sowell acquired the property from Lomas and Braewood for $3,955,450.00. The 1991 appraisal records for the subject property were approved by the Appraisal Board on July 19, 1991. Sowell did not file a protest under section 41.44(b) of the Tax Code between the time it acquired the property and the time the Appraisal Board approved the appraisal records.

On or about December 24, 1991, Sowell filed a motion with the Appraisal Board to correct the valuation of the property pursuant to section 25.25(d) of the Tax Code. Sowell claimed that the 1991 appraisal amount of $7,121,000.00 exceeded the correct appraised value by more than one-third because it purchased the property on July 2, 1991, for $3,955,450.00.

On January 7, 1992, the Appraisal Board, by letter, denied Sowell's request for a hearing on its section 25.25(d) motion because, according to the Appraisal Board, the property had been the subject of a protest by the prior property owners under Chapter 41 of the Tax Code. On or about February 11, 1992, Sowell filed this action in the trial court pursuant to sections 41.45 and 25.25(g) of the Tax Code seeking: (1) to compel the Appraisal Board to provide a hearing on the section 25.25(d) motion; or (2) a correction of the appraised value; and (3) a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code. The ad

---

1. Chief Justice Charles McGarry was a member of the panel upon submission of this appeal. Chief Justice McGarry's term expired December 31, 1994. Justice Tom James has reviewed the briefs and the recorded oral argument.

valorem taxes owed on the property for tax year 1991 were timely paid pursuant to section 42.08 of the Tax Code. The parties stipulated prior to trial that the property should be appraised for $8,000 per lot for a total of $4,152,000 in tax year 1991.

## STANDARD OF REVIEW

The trial court judgment states that the case was submitted based on stipulations of fact. Although the stipulations were not signed and certified by the trial court, it is clear that this case was tried on stipulated facts. We will therefore consider this appeal as an agreed case under rule 263 of the Texas Rules of Civil Procedure. *See Crow–Southland Joint Venture No. 1 v. North Fort Worth Bank,* 838 S.W.2d 720, 723 (Tex. App.—Dallas 1992, writ denied); TEX. R.CIV.P. 263. The stipulations are binding upon the parties, the trial court, and the reviewing court. *M.J.R.'s Fare of Dallas, Inc. v. Permit & License Appeal Bd.,* 823 S.W.2d 327, 330 (Tex.App.—Dallas 1991, writ denied). All facts necessary to the presentation of the case are conclusively presumed to have been brought before the trial court. We do not draw any inferences or find any facts not embraced in the stipulations. *Crow–Southland Joint Venture No. 1,* 838 S.W.2d at 723. We do not review the legal or factual sufficiency of the evidence in a case tried on stipulated facts. Rather, this Court reviews only the correctness of the application of the law to the admitted facts. *Trinity Universal Ins. Co. v. Fidelity & Casualty Co.,* 837 S.W.2d 202, 203 (Tex.App.—Dallas 1992, no writ); *Reed v. Valley Fed. Sav. & Loan Co.,* 655 S.W.2d 259, 264 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

## DISCUSSION

In its ninth and twelfth points of error, Sowell contends that the trial court erred in: (1) concluding that Sowell was not entitled to a hearing on its section 25.25(d) motion; and (2) refusing to order the Dallas County Chief Appraiser to correct the appraisal rolls to reflect the stipulated reduced appraised value. According to Sowell, it is the disposition of a Chapter 41 protest, and not its filing, which precludes relief under section 25.25(d)

of the Tax Code. Sowell further argues that the Appraisal Board's refusal to grant it a hearing on its section 25.25(d) motion violated Sowell's right to due process under both the United States and Texas Constitutions. The Appraisal Board responds that Sowell was not entitled to a hearing on its section 25.25(d) motion because any prior Chapter 41 protest, whether or not adjudicated, bars relief under section 25.25(d) as to the subject property. Additionally, the Appraisal Board argues that Sowell was not deprived of its property interest without proper procedural safeguards because such safeguards were afforded under sections 41.44(b), 41.412(b) and 41.411 of the Tax Code.

### A. CONSTRUCTION OF SECTION 25.25(d)

Sections 25.25(d) & (e) of the Tax Code provide in pertinent part:

(d) At any time prior to the date the taxes become delinquent, a property owner ... may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property. However, the error may not be corrected unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value.... The roll may not be changed under this subsection if the property was the subject of a protest brought by the property owner under Chapter 41....

(e) A party bringing a motion under Subsection (d) of this section is entitled to a hearing on and a determination of the motion by the appraisal review board....

TEX.TAX CODE ANN. §§ 25.25(d) & (e) (Vernon 1992).

When construing a statute, this Court must determine, if possible, the intent of the legislature as expressed in the language of that statute. *Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985). In determining the meaning of statutory language, "consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction." *Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex.1984). Where a statute is curative or

remedial in nature, it must be given the most comprehensive and liberal construction possible. *City of Mason v. West Texas Utils. Co.,* 150 Tex. 18, 237 S.W.2d 273, 280 (1951). Such statutes should not be given a narrow, technical construction which would defeat the very purpose for which the statute was enacted. *Id.*

■ Here, it is clear from the nature of the act and the language of the statute that the purpose of section 25.25(d) is to permit a property owner to file a late appraisal protest, but prevent multiple adjudications on a protested appraisal in the same year. For example, if the ownership of a parcel of real estate changed several times in one calendar year, each successive owner might wish to protest the valuation of the property and have that protest determined by the Appraisal Board. Section 25.25(d) prevents the necessity of multiple hearings as to the same parcel of real estate by granting relief only to property owners whose property was not previously the subject of a protest under Chapter 41.

■ The Appraisal Board would have us hold that the language "subject of a protest" includes protests that were filed under Chapter 41 but never adjudicated. However, this construction does not prevent multiple hearings; it prevents *any* hearing. In this case, it is undisputed that there was never a hearing on the Chapter 41 protests filed by Lomas and Braewood. Under the Appraisal Board's construction of section 25.25(d), despite the timely filing of a section 25.25(d) protest, Sowell would be forced to pay ad valorem taxes on an admittedly incorrect appraised value without ever having a hearing conducted on the matter. This is not a reasonable interpretation. *See Southwestern Sav. & Loan Ass'n. v. Falkner,* 160 Tex. 417, 331 S.W.2d 917, 921 (1960) (a statute should not be shorn of its effectiveness if its purpose can be achieved by a reasonable interpretation). Accordingly, we hold, as a matter of law, that an unadjudicated notice of protest filed by a prior property owner, which is later withdrawn, does not bar a hearing on a subsequent section 25.25(d) motion by the new property owner.

## B.  DUE PROCESS

■ In addition to being contrary to the clear language of the statute, the Appraisal Board's construction of section 25.25(d) violates Sowell's right of procedural due process. Where a procedural limitation on a claimant's ability to assert a right deprives a claimant of a property right, due process requires that the established state procedure must provide a proper procedural safeguard before the claimant's property interest is destroyed. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Dallas Cent. Appraisal Dist.,* 765 S.W.2d 451, 453 (Tex.App.—Dallas 1988, writ denied). Under *Logan* we must determine: (1) whether Sowell was deprived of a protected interest; and, if so, (2) what process Sowell was due. *See Logan,* 455 U.S. at 428, 102 S.Ct. at 1153.

■ Sowell purchased the subject property from Lomas and Braewood on July 2, 1991. As the property owner, Sowell had the right to use certain administrative procedures provided by the Tax Code, such as a hearing. This is a right protected by the due process requirements of the United States and Texas Constitutions. *Bank of Am. Nat'l Trust & Sav. Ass'n,* 765 S.W.2d at 453.

The Tax Code provides that a property owner is entitled to a hearing if he files a written notice of protest with the appraisal review board before June 1 or not later than thirty days after delivery of the notice of appraised value, whichever is later. Tex.Tax Code Ann. § 41.44(a)(1) (Vernon 1992). A property owner who files his notice of protest after the deadline, but before the appraisal review board approves the appraisal records, is entitled to a hearing and determination of the protest if he shows good cause as determined by the board. Tex.Tax Code Ann. § 41.44(b) (Vernon 1992). If during the pendency of a protest the ownership of the property changes, the new owner may proceed with the protest in the same manner as the prior owner. Tex.Tax Code Ann. § 41.412(b) (Vernon 1992). A property owner is entitled to protest the Appraisal Board's failure to provide proper notice. Tex.Tax Code Ann.

§ 41.411 (Vernon 1992). If the failure to provide proper notice is established, the Appraisal Board must grant the property owner a hearing on any authorized protest. *Id.*

Sowell did not become the owner of the property until July 2, 1991. The parties have stipulated that Sowell had no statutory right to intervene or file a separate protest of the 1991 appraised value of the property under section 41.44(a) of the Tax Code.

The appraisal records were approved on July 19, 1991. The Appraisal Board argues that this gave Sowell seventeen days to file a late protest under section 41.44(b). In the alternative, the Appraisal Board argues that Sowell could have contractually required Lomas and Braewood to keep their protests pending until Sowell could substitute itself for Lomas or Braewood pursuant to section 41.412(b). However, the stipulated evidence shows that Lomas and Braewood withdrew their protest on June 28, 1991, prior to the sale of the property, and without notice to Sowell. Because Sowell was not the property owner when the protests were withdrawn, there was no requirement that Sowell be given notice. Without notice, there is no evidence that Sowell knew that it needed to be a party to a protest prior to July 19, 1991. Therefore, sections 41.44(b) and 41.412(b) are also inapplicable.

On or about December 24, 1991, Sowell filed its section 25.25(d) motion seeking a correction in the appraised value of its property. The stated appraisal on the roll was for $7,121,000. The parties stipulated that the property should have been appraised for tax year 1991 in the amount of $4,152,000. The stated appraised value exceeds the proper appraised value by more than one-third. The Appraisal Board denied Sowell's request for a hearing on its section 25.25(d) motion on the basis that the property in question was the subject of prior filed notices of protest under Chapter 41 by Lomas and Braewood that were later withdrawn.

Again, it is undisputed that there was never a hearing on the protests filed by Lomas and Braewood. The Appraisal Board's interpretation of section 25.25(d) denies a property owner his right to protest and correct the appraisal of his property without providing him with a proper procedural safeguard in the form of a hearing. The Appraisal Board's action denied Sowell procedural due process. *See Bank of Am. Nat'l Trust & Sav. Ass'n,* 765 S.W.2d at 454 ("some form of hearing" is required before owner is finally deprived of a protected property interest).

The Appraisal Board argues that Sowell was not denied due process because it could have sought relief under section 41.411 of the Tax Code. Under section 41.411, a property owner may protest the Appraisal Board's failure to deliver proper notice and, if successful, obtain a hearing on an authorized protest. In this case, there is no evidence that the Appraisal Board ever failed to deliver proper notice to Sowell.

Based on the foregoing, we hold that an unadjudicated protest filed by a prior property owner under Chapter 41 of the Tax Code, which is later withdrawn, does not bar a hearing on a subsequent section 25.25(d) motion by the new property owner. We further hold that the trial court abused its discretion in rendering a take-nothing judgment against Sowell because, as a matter of law, Sowell was entitled to a hearing. We therefore reverse the trial court's judgment in favor of the Appraisal Board and render judgment in favor of Sowell. Because the parties stipulated to the correct amount of the appraisal, we hereby order that the Dallas County Chief Appraiser enter the appraisal value of $4,152,000 or $8,000 for each of the 519 lots comprising Sowell's property on the appraisal rolls for 1991. Because of our decision, we decline to reach Sowell's remaining points of error. *See* Tex.R.App.P. 90(a).

We reverse the trial court's judgment and render judgment in favor of Sowell.