**ROYAL PRODUCTION COMPANY, INC., Appellant,**

v.

**SAN JACINTO COUNTY CENTRAL APPRAISAL DISTRICT and San Jacinto County Appraisal Review Board, Appellees.**

No. 09–00–084 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 15, 2001.

Decided April 26, 2001.

Hal George, The Kleberg Law Firm, Corpus Christi, for appellant.

Jeannie Navarro, Navarro & Associates, P.C., Lee Vickers, Overstreet, Winn & Edwards, P.C., Austin, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Justice.

This tax case presents Royal Production Company's (appellant) appeal from the trial court's Order of Dismissal granting San Jacinto County Appraisal District and San Jacinto County Appraisal Review Board's Plea to the Jurisdiction and Motion to Dismiss for lack of subject matter jurisdiction. Appellant raises three appellate issues for our consideration. Issues one and two ask us to consider whether the trial court had jurisdiction of appellant's petition requesting judicial review of the Appraisal Review Board's denial of a valuation protest hearing, and whether the trial court properly granted appellees' plea to the jurisdiction and motion to dismiss. Issue three questions whether an unadjudicated protest under Chapter 41 of the Texas Tax Code, resolved without a hearing or written agreement, bars a timely filed appeal under the provisions of TEX.TAX CODE ANN. § 25.25(d) (Vernon Supp. 2001). We will combine our discussion of the three issues.

The Texas Supreme Court has recently clarified the law regarding pleas to the jurisdiction in *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547 (Tex.2000). We set out the pertinent portion of the case as follows:

> A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case. The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but

to establish a reason why the merits of the plaintiffs' claims should never be reached. This does not mean that evidence cannot be offered on a dilatory plea; on the contrary, the issues raised by a dilatory plea are often such that they cannot be resolved without hearing evidence. And because a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case. But the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction. Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion.

*Bland Indep. School Dist.*, 34 S.W.3d at 554.

As the basis for the § 25.25 protest claim by appellant was excessive valuation by the appellees for the 1998, tax year, we will omit any discussion of the merits of that issue, and instead focus on the procedural background of the case which, apparently, was the basis of the trial court's ruling. The record before us reflects that in June, 1998, appellant, as property owner, filed four instruments with the Appraisal Review Board, each entitled "Notice of Protest" under the provisions of TEX.TAX CODE ANN. §§ 41.01–41.71 (Vernon 1992 & Supp.2001). On their face, these notices protested the Appraisal District's evaluation of the working interest ownership in appellant's four oil and gas properties in dispute for the tax year 1998. These protests were set for a hearing before the Appraisal Review Board on July 13, 1998. Prior to the hearing date, nego-

tiations began, and were on-going, between an agent for the Appraisal District, Thomas Culpepper, and appellant. Apparently appellant did not appear for the scheduled hearing before the Appraisal Review Board on July 13, 1998. The record before us includes an affidavit from Culpepper which contains the following pertinent details involving the negotiations between he and appellant:

> There was an active, on-going relationship between me and Royal's agent; and I settled informally with Royal twice in 1998 and resolved their Chapter 41 protests without their presence in 1998, due to their absence at the scheduled ARB hearing date. . . .

> Appraisals for ad valorem tax purposes are bound by law to reflect a January 1st value based on knowledge of the property on that date. Our 1998 appraisal of Royal's well properties was as of 1/1/98 based on substantial agreement on the reserve estimates by both our firm and Royal in the summer of 1998.

Thereafter, in January, 1999, appellant timely filed four instruments with the Appraisal Review Board under the provisions of TEX. TAX CODE ANN. § 25.25(d) (Vernon Supp.2001). These instruments, titled "Motion to Correct Appraisal Roll Pursuant to Section 25.25(d)," sought review of "appraisal error" with regard to the value appraisals of each of the four wells which were the subject of the Chapter 41 protests described above for the 1998 tax year. In July, 1999, counsel for appellant wrote to the chief appraiser of the Appraisal Review Board seeking a hearing on appellant's § 25.25(d) motion, and further inquiring if the Appraisal Review Board "would be in a position to change the appraisal roll under Section 25.25(b) and (c), Property Tax Code." In September, 1999, the Appraisal Review Board issued

its decision denying appellant's request for a protest hearing concerning the 1998 valuations of the four wells for the following reason:

> Per Section 25.25(d) of the Property Tax Code, "The roll may not be changed under this subsection if the property was the subject of a protest brought by the property owner under Chapter 41 or if the appraised value of the property was established as a result of a written agreement between the (sic)" [1]

Thereafter, on October 25, 1999, appellant filed its original petition in the trial court seeking various forms of relief including an order from the trial court compelling the Appraisal Review Board to provide a full hearing on appellant's § 25.25 motion to correct appraisal roll. The Appraisal District and Appraisal Review Board responded by filing a plea to the trial court's jurisdiction and motion to dismiss. Within said plea to the jurisdiction, the Appraisal District and Appraisal Review Board again pointed out that one of the provisions for maintaining a protest under § 25.25 is that the property in question must not have been the subject of a protest brought by the property owner under Chapter 41.

In his original petition, appellant admits that he had initially complained of the allocation of the working interest in the wells in question. The record reflects this was done through a Chapter 41 protest. The trial court entered it's dismissal order containing the following language:

> On January 6, 2000, defendant's *Plea to the Jurisdiction and Motion to Dismiss* the above action for lack of subject matter jurisdiction came on to be heard. It appears to the Court that the plea

should be sustained and the motion should be granted.

IT IS, THEREFORE, ORDERED that the above action be and it is hereby dismissed with prejudice to plaintiff's right to reinstitute it; that it be removed from the docket of the Court; and that all costs incurred be borne by the party incurring them.

■■ As noted above, a trial court is required to examine evidence to determine whether it has subject-matter jurisdiction before proceeding with the case. *Bland Indep. School Dist.*, 34 S.W.3d at 554. In the instant case, the statutory language in § 25.25(d) clearly provides that the tax roll "may not be changed . . . if the property was the subject of a protest brought by the property owner under Chapter 41[.]" Nevertheless, appellant contends that the resolution of his Chapter 41 protest was not the result of a hearing, or a written agreement, nor was there an adjudication of the Chapter 41 protest by the Appraisal Review Board. Appellant relies fairly extensively on *Jim Sowell Const. Co., Inc. v. Dallas Cent. Appraisal Dist.*, 900 S.W.2d 82 (Tex.App.—Dallas 1995, writ denied), for the proposition that an "unadjudicated" notice of protest under Chapter 41 does not bar a hearing on a subsequent § 25 .25(d) protest by the property owner. *Sowell*, essentially a procedural due process case, does indeed contain language to that effect. However, the key paragraph, as we see it, appears to balance the interests presented, *viz:*

> Here, it is clear from the nature of the act and the language of the statute that the purpose of section 25.25(d) is to permit a property owner to file a late appraisal protest, but prevent multiple adjudications on a protested appraisal in

---

1. The copy of the Board's decision ends as we have *reproduced* it. Neither party has indicated that anything missing is of any conse-

quence to the instant appeal so we, too, will presume nothing omitted was relevant to the cause before us.

the same year. For example, if the ownership of a parcel of real estate changed several times in one calendar year, each successive owner might wish to protest the valuation of the property and have that protest determined by the Appraisal Board. Section 25.25(d) prevents the necessity of multiple hearings as to the same parcel of real estate by granting relief only to property owners whose property was not previously the subject of a protest under Chapter 41. *Sowell,* 900 S.W.2d at 85.

The *Sowell* case also involved facts peculiar to the case itself, such as the fact that both parties stipulated that the stated appraisal on the roll was highly overvalued, and that the sole reason that the Appraisal Board denied Sowell's request for a hearing on his § 25.25(d) motion was that the property in question had been the subject of prior notices of protest under Chapter 41 filed, *but later withdrawn voluntarily,* by the previous owners of the property, with said previous owners not receiving a hearing on their Chapter 41 protests. *Id.* at 86. Culpepper's affidavit indicates protracted negotiations were conducted between himself, representing the San Jacinto Appraisal District, and appellant's representative in which the appraisals of some of the wells were changed to reflect the estimates of appellant, and that the reserve estimates of the Appraisal District "were in close agreement" with the total reserve estimates of certain of appellant's wells. Without further elaboration, appellant's pleadings simply state that its Chapter 41 protest was "resolved." In our view, the statutory provisions under Chapter 41 and § 25.25(d) provided appellant with all of the process for which it was due. *See Dallas Cent. Appraisal Dist. v. Park Stemmons, Ltd.,* 948 S.W.2d 11, 17–18 (Tex.App.—Dallas 1997, no writ). These negotiations satisfy at least the spirit, if not the essential holding, of *Sowell.* Based upon the evidence it had before it, the trial court could reasonably infer that appellant, through its § 25.25(d) protest, was merely trying to re-litigate the appraisal of the wells that had been the subject of an earlier negotiated resolution under appellant's Chapter 41 protest. We therefore cannot say the trial court abused its discretion in dismissing appellant's petition for lack of subject-matter jurisdiction. Appellant's three issues are overruled. The trial court's order of dismissal is affirmed.

AFFIRMED.