**KOGER EQUITY, INC., Appellant,**

v.

**BEXAR COUNTY APPRAISAL REVIEW BOARD,**
Appellee.

No. 04–02–00848–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 8, 2003.

David J. Kaplan, Marcia F. Pennell, Geary, Porter & Donovan, a Professional Corp., Addison, for appellant.

Dennis K. Drake, Law Office of Dennis K. Drake, San Antonio, for appellee.

Sitting: CATHERINE STONE, SARAH B. DUNCAN and SANDEE BRYAN MARION, Justices.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Koger Equity, Inc. appeals the trial court's summary judgment in its suit to compel the Bexar County Appraisal District Review Board to hold a hearing on Koger Equity's motion filed pursuant to section 25.25(d) of the Texas Tax Code to reduce the appraised taxable value of twenty-eight parcels of real property. We hold that a protest that is dismissed, rather than adjudicated, does not bar a hearing under section 25.25(d) and therefore reverse the trial court's judgment and render judgment in favor of Kroger Equity.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion.

*Id.;* TEX.R. CIV. P. 166a(c). When cross motions for summary judgment are filed, we generally "render the judgment that the trial court should have rendered." *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000); *see* TEX.R.APP. P. 43.3.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. Koger Equity, Inc. owns twenty-eight parcels of land in Bexar County, Texas. By letter dated May 26, 2000, Koger Equity's real estate tax manager notified the Bexar County Appraisal District Review Board that Koger Equity was protesting the property values assigned to the twenty-eight parcels for tax year 2000 pursuant to Chapter 41 of the Texas Property Tax Code. Thereafter, the Review Board scheduled hearings on Koger Equity's protests. It is undisputed that Koger Equity did not appear at the hearings. The Review Board therefore dismissed Koger Equity's protests. The Review Board's notice of dismissal states as follows:

Our records indicate that a protest was filed on the 2000 value of your property described in this letter. The Board delivered to you or your representative written notice of the date, time, and place of your protest hearing. Since neither you or your representative appeared in person or by affidavit to present evidence, no hearing could be held and the Appraisal Review Board dismissed your protest.

By letter dated November 22, 2000, Koger's attorney filed a motion to change the appraisal roll pursuant to section 25.25 of the Texas Property Tax Code and asked the Review Board to schedule hearings on the motion. When six months passed without any action by the Review Board, Koger Equity filed this suit seeking to compel the Board to schedule a hearing.

The Review Board moved for summary judgment contending that Koger Equity was not entitled to hearings under section 25.25(d) because each of the properties had already been the subject of a protest under Chapter 41. In response, Koger Equity filed a cross-motion for summary judgment contending it was entitled to hearings because the protests had been dismissed. In support of its motion, Koger Equity filed the affidavit of James E. Maher, Jr., which asserts that the error in the appraisal roll for each of the twenty-eight parcels resulted in an incorrect appraised value that exceeded by more than one-third the correct appraised value of the property; and the appraised value of each of the twenty-eight parcels was not established by written agreement between Koger Equity and the Review Board. The trial court granted summary judgment in favor of the Review Board; and Koger Equity appealed.

## HEARING

At the time Koger Equity filed its request, section 25.25(d) provided as follows:

(d) At any time prior to the date the taxes become delinquent, a property owner or the chief appraiser may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property. However, the error may not be corrected unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value. If the appraisal roll is changed under this subsection, the property owner must pay to each affected taxing unit a late-correction penalty equal to 10 percent of the amount of taxes as calculated on the basis of the corrected appraised value. The roll may not be changed under this sub-

section if the property was the subject of a protest brought by the property owner under Chapter 41 or if the appraised value of the property was established as a result of a written agreement between the property owner or his agent and the appraisal district.

TEX. TAX CODE ANN. § 25.25(d) (repealed). If the property owner and the chief appraiser were unable to agree to a correction, the property owner, upon request, was entitled to an evidentiary hearing. *Id.* § 25.25(e) (repealed).

In support of its argument that it is entitled to hearings, Koger Equity cites *Jim Sowell Constr. Co. v. Dallas Cent. Appraisal Dist.*, 900 S.W.2d 82, 85 (Tex. App.-Dallas 1995, writ denied). In *Sowell,* the owners of 519 real estate lots in Dallas County filed and later withdrew protests regarding the 1991 appraised value of the lots. *Id.* at 83. After the owners withdrew their protests, they conveyed the property to Jim Sowell Construction Company, Inc. *Id.* After learning that the protests had been withdrawn, Sowell Construction filed a motion seeking to correct the valuation of the property pursuant to section 25.25(d). *Id.* The Review Board denied Sowell Construction's request "because, according to the [Review] Board, the property had been the subject of a protest by the prior property owners under Chapter 41 of the Tax Code." *Id.* The trial court agreed with the Review Board; and Sowell appealed, arguing "it is the disposition of a Chapter 41 protest, and not its filing, which precludes relief under section 25.25(d) of the Tax Code." *Id.* at 84. In response, the Review Board argued that "any prior Chapter 41 protest, whether or not adjudicated, bars relief under section 25.25(d) as to the subject property." *Id.*

The Dallas Court of Appeals reversed, reasoning that "the purpose of section 25.25(d) is to permit a property owner to file a late appraisal protest, but prevent multiple adjudications on a protested appraisal in the same year"; and the Review Board's argument "does not prevent multiple hearings; it prevents *any* hearing." *Id.* 85. The court held, "as a matter of law, that an unadjudicated notice of protest filed by a prior property owner, which is later withdrawn, does not bar a hearing on a subsequent section 25.25(d) motion by the new property owner." *Id.*

In support of its position that Koger Equity was not entitled to a hearing, the Review Board argues that *Sowell* is distinguishable, since it involved the withdrawn protest of a prior property owner, and that, on "facts identical to this case," the Beaumont Court of Appeals held the property owner is not entitled to a hearing. *See Royal Prod. Co. v. San Jacinto County Cent. Appraisal Dist.,* 42 S.W.3d 373 (Tex.App.-Beaumont 2001, no pet.). However, the facts in *Royal Production* are far from "identical," as the Review Board argues. As the Beaumont Court of Appeals makes clear in its concluding paragraph, it was the informal resolution of the taxpayer's protest under chapter 41 that barred a hearing under section 25.25(d):

> Culpepper's affidavit indicates protracted negotiations were conducted between himself, representing the San Jacinto Appraisal District, and [Royal Production's] representative in which the appraisals of some of the wells were changed to reflect the estimates of [Royal Production], and that the reserve estimates of the Appraisal District "were in close agreement" with the total reserve estimates of certain of [Royal Production's] wells. Without further elabora-

tion, [Royal Production's] pleadings simply state that its Chapter 41 protest was "resolved." . . . . Based upon the evidence it had before it, the trial court could reasonably infer that [Royal Production], through its § 25.25(d) protest, was merely trying to re-litigate the appraisal of the wells that had been the subject of an earlier negotiated resolution under [Royal Production's] chapter 41 protest.

*Id.* at 377. Thus, while Royal Production had not been afforded a hearing on its chapter 41 protest, its protest was "resolved" through negotiation with the appraisal district. In practical effect, the court simply dispensed with the requirement of the written agreement required by the last sentence in section 25.25(d). Koger Equity, unlike Royal Production, has had neither a hearing nor informal resolution of its protests through negotiation. Contrary to the Review Board's arguments, therefore, this case is thus far more analogous to *Sowell Construction*—in which the chapter 41 protests were withdrawn—than *Royal Production*—in which the chapter 41 protests were informally resolved through negotiation.

■ "It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial Dist.,* 362 S.W.2d 101, 104 (Tex.1962). In keeping with this rule applicable in the context of judicial proceedings, we hold that, as a matter of law, an unadjudicated notice of protest does not bar a hearing on a subsequent section 25.25(d) motion.[1]

---

1. In so doing, we note our holding in this case conforms to the current version of section

25.25(d), which became effective May 28,

### ATTORNEY'S FEES

 Koger Equity argues that if it prevails on appeal, it is entitled to recover its reasonable attorney's fees and costs under section 41.45(f) of the Texas Tax Code. We disagree. Section 41.45(f) applies to a property owner "who has been denied a hearing to which the property owner is entitled under this chapter." TEX. TAX. CODE § 41.45(f) (Vernon 2001). "[T]his chapter," as used in section 41.45(f), refers to chapter 41. As discussed above, the Review Board afforded Koger Equity a hearing under chapter 41; it denied a hearing under chapter 25. We therefore hold Koger is not entitled to attorney's fees and costs under section 41.45(f).

### CONCLUSION

An unadjudicated protest does not bar a hearing under section 25.25(d) of the Texas Tax Code. Therefore, the trial court erred in granting the Review Board's motion for summary judgment and in denying Koger Equity's. We therefore reverse the trial court's judgment and render judgment in favor of Koger Equity. The Bexar County Appraisal Review Board is ordered to schedule a hearing as soon as practicable on the merits of Koger Equity's November 22, 2000 motion filed pursuant to section 25.25(d) of the Texas Tax Code.

---

2001 and which provides that "[t]he roll may not be changed under this subsection if:"

(1) the property was the subject of a protest brought by the property owner under Chapter 41, a hearing on the protest was conducted in which the property owner offered evidence or argument, and the appraisal review board made a determination of the protest on the merits; or

(2) the appraised value of the property was established as a result of a written agree-

ment between the property owner or the owner's agent and the appraisal district. Act of May 10, 2001, 77th Leg., ch. 439, § 1 (codified as amended at TEX. TAX CODE ANN. § 25.25(d) (Vernon 2001)). The Review Board argues the amended version of section 25.25(d)(1) does not apply in this case. In light of our holding, we need not and do not reach this issue.