We affirm the trial court's judgment dismissing the suit for lack of jurisdiction.

**Jose RIOS, Appellant,**

v.

**NORTHWESTERN STEEL AND WIRE COMPANY, Appellee.**

**No. 14–96–01547–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 20, 1998.

Mark J. Kelly, Texas City, for appellant.

D. Faye Caldwell, Jack Urquhart, James Wesley Adams, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Appellant, Jose Rios, appeals from a summary judgment granted in favor of appellee, Northwestern Steel and Wire Company, a Texas corporation (NSW–Texas). In one point of error, Rios alleges the trial court erred in granting summary judgment on the basis of limitations. By cross-point, NSW–Texas moves for sanctions. We affirm the summary judgment and deny sanctions.

On February 9, 1994, Rios allegedly sustained injuries in a collision with a train at a steel mill owned and operated by NSW–Texas. On February 8, 1996, one day before limitations expired, Rios filed suit asserting a negligence/premises liability claim against NSW–Delaware. NSW–Delaware answered by general denial, and by affirmative defense argued that Rios had sued the wrong party. On April 4, 1996, NSW–Delaware moved for summary judgment alleging a defect in the party-defendant. On April 17, Rios served the original petition on the registered agent for NSW–Texas. On April 18, Rios filed his response to NSW–Delaware's motion for summary judgment, in which he stated that he had sued the correct party but served the incorrect party. He further stated that upon learning of the error, he immediately and diligently took steps to perfect service on the proper agent. In the alternative, Rios

claimed the error was a simple case of misnomer. In its reply to Rios's response to the motion for summary judgment, NSW–Delaware argued the error was one of mistaken identity because the two companies were separate and distinct corporate entities. On April 30, 1996, the trial court granted NSW–Delaware's motion for summary judgment.

On May 2, 1996, Rios amended his petition to add NSW–Texas to the suit. NSW–Texas answered by general denial and asserted the affirmative defenses of limitations and release. NSW–Texas then moved for summary judgment on the defenses of limitations and release. The trial court granted the motion on the limitations defense. The trial court later severed the partial summary judgment from Rios's claims against other defendants and the summary judgment became final. Rios filed a motion for new trial, which the trial court denied.

In his sole point of error, Rios claims the trial court erred in granting summary judgment on the affirmative defense of limitations. Rios asserts the statute of limitations was tolled because he properly named NSW as a defendant to the suit, although he served NSW–Delaware. When he realized that he had served the wrong party, Rios claims he exercised due diligence in serving the correct Texas corporation with the same name.

■ A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *See Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). To satisfy this burden, the movant must conclusively negate any relevant tolling provision the non-movant asserted in the trial court. *See Diaz v. Westphal,* 941 S.W.2d 96, 98 (Tex.1997); *Jennings,* 917 S.W.2d at 793.

The statute of limitations in Texas for a personal injury claim is two years after the cause of action accrued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 1998). In this case, the parties agree that Rios filed suit against NSW–Delaware one day before limitations expired. They further agree that Rios served NSW–Texas with the original petition two months after limitations

expired and that Rios amended his original petition to name NSW–Texas as a defendant almost three months after limitations expired. At issue is whether Rios asserted a tolling provision and, if so, whether NSW–Texas conclusively negated it in its summary judgment proof.

■ The record reflects that Rios did not assert a tolling provision in his amended petition filed May 2, 1996. Nevertheless, in his response to NSW–Texas's motion for summary judgment, Rios alleged he initially served the original petition on the wrong party. He maintained that he never intended to assert a claim against NSW–Delaware and that NSW–Delaware was never named as a defendant to the suit. He stated, "the agent for service for this entity was mistakenly served with the lawsuit intended to be served upon the Texas Corporation. This position is corroborated by the fact that the Delaware Corporation operates under a completely different name than that of the entity properly sued herein." In support of this statement, Rios attached a letter from the Secretary of State of Texas. The letter states that Northwestern Steel and Wire Company is organized under the laws of Delaware and is doing business as Northwestern (Del) Steel and Wire Company. The letter also names the registered agent as CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

■ Although Rios characterized his failure to sue and serve NSW–Texas within the applicable limitations period as a service error, Rios maintains on appeal that he asserted "misnomer" in his response. Misnomer occurs when the plaintiff sues the correct party but misstates the party's name. *See Matthews Trucking Co., Inc. v. Smith,* 682 S.W.2d 237, 238 (Tex.1984). "In such a case, service upon the correct defendant would be proper and the defendant would then be under a duty to plead such misnomer and seek abatement." *Id.* at 239. When only a misnomer occurs, a subsequent amendment of the petition relates back to the date of the original petition. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990).

In support of his claim that he simply served the wrong defendant, Rios cites *Womack Mach. Supply Co. of Houston v. Fannin Bank*, 499 S.W.2d 917 (Tex.Civ.App.—Houston [14th Dist.] 1973), *reversed on other grounds*, 504 S.W.2d 827 (Tex.1974). The plaintiff in *Womack* owned several separate corporate entities in different cities, each entity bearing the same name except as to location. *Id.* at 918. After an employee misappropriated approximately $18,000 worth of checks, the Houston Womack entity sued its bank to recover the money stolen by the employee. When it filed suit, however, the Houston Womack entity inadvertently named the Dallas Womack entity as the plaintiff in its petition, although it gave the address of the Houston Womack entity. *Id.* at 919. The trial court allowed the plaintiff to amend its pleading to reflect the correct plaintiff because all of the pre-trial proceedings indicated that the intended plaintiff was the Houston Womack entity. *Id.* On appeal, this court held the original petition naming an incorrect plaintiff tolled the statute of limitations because the defendant made an appearance and the plaintiff amended its petition to reflect the correct plaintiff, and the amended petition did not set out a new cause of action. *Id.* at 920.

Like the entities in *Womack*, NSW–Texas and NSW–Delaware are two separate corporate entities with the same name. Like the plaintiff in *Womack*, Rios initially named the wrong party in his original petition and later amended his petition to reflect the correct party. *Womack*, however, involved a misnamed plaintiff, not a misnamed defendant. Unlike *Womack*, the record is devoid of proof that Rios intended to name NSW–Texas and not NSW–Delaware as a defendant to the suit.

The record reflects that NSW–Texas filed a reply to Rios's response to the motion for summary judgment and attached Rios's original petition as summary judgment proof. The original petition names Delaware as a defendant to the suit and requests service on NSW–Delaware's registered agent. Although the first paragraph of the original petition names Northwestern Steel and Wire Company as a defendant to the personal injury suit, the third paragraph specifically describes Northwestern Steel and Wire Company as a Delaware corporation doing business in the State of Texas. It also requests service of process on NSW–Delaware's registered agent, C.T. Corporation System, 350 North St. Paul, Dallas, Texas 75201.

In contrast, Rios's amended original petition names Northwestern Steel and Wire Company, a.k.a. Northwestern Steel and Wire Company of Texas as a defendant to the suit. It further describes NSW–Texas as a duly licensed business doing business in the State of Texas and states that the registered agent for service, Kenneth J. Burnett, 1755 Federal Road, Houston, Texas 77015, has previously been served. In a footnote to its reply, NSW–Texas conceded Rios served its registered agent, Kenneth J. Burnett, with Rios's original petition. Nevertheless, the record reflects that Rios served Burnett two months after limitations expired.

NSW–Texas also established in its reply that Rios filed an amended petition naming NSW–Texas as a defendant only after the trial court ruled that he served the wrong party in the lawsuit against NSW–Delaware. The record reflects the trial court granted partial summary judgment on NSW–Delaware's motion on April 30, 1996 and Rios filed his amended original petition naming NSW–Texas on May 2, 1996. Furthermore, NSW–Texas correctly noted that Rios did not cite any authority in the response to support the proposition that a party's intentions to sue the correct party is the equivalent of naming and serving the correct defendant.

From this record, we find NSW–Texas conclusively negated Rios's claim of misnomer and thereby established its entitlement to summary judgment on its limitations defense. The trial court did not err in granting summary judgment on limitations. Accordingly, we overrule Rios's point of error.

By cross-point, NSW–Texas requests sanctions against Rios for filing a frivolous appeal. *See* Tex.R.App. P. 45. NSW–Texas contends Rios pursued this appeal with no reasonable expectation of reversal, in bad faith, and to cause delay. NSW–Texas as-

serts that Rios failed to bring forth a sufficient record on appeal because he did not provide the reporter's record of the summary judgment hearing or make a bill of exception setting out his version of the events that transpired at the summary judgment hearing. NSW–Texas further asserts that Rios failed to cite a single reason the law should be reversed or modified.

Whether to grant sanctions is a matter of discretion, which we exercise with prudence, caution, and after careful deliberation. *Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 306 (Tex.App.—Houston [14th Dist.] 1995, no writ). We consider the case from an advocate's point of view in considering the assertions of NSW–Texas. *See Jackson v. Biotectronics, Inc.* 937 S.W.2d 38, 46 (Tex. App.—Houston [14th Dist.] 1996, n.w.h.) (op. on reh'g).

The record, in this case, is sufficient to challenge a summary judgment. Contrary to NSW–Texas's contention, the reporter's record of the summary judgment hearing and a bill of exceptions were unnecessary to the appeal of the summary judgment. A hearing on a motion for summary judgment is purely one of law and no oral testimony is allowed at the hearing. *Martin v. Cohen,* 804 S.W.2d 201, 203 (Tex.App.— Houston [14th Dist.] 1991, no writ). Furthermore, parties are not required to present a statement of facts to the appellate court "that contains only the oration of counsel." *Barnes v. Whittington,* 751 S.W.2d 493, 495 (Tex.1988).

While Rios's reliance on *Womack* is misplaced, it is not evidence of bad faith or a frivolous appeal. Attorneys sometimes rely on case law that an appellate court finds inapplicable. Therefore, we overrule NSW–Texas's cross-point.

Accordingly, the judgment of the court below is affirmed.