NO. 07-01-0476-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 27, 2002 


______________________________



KENDALL MCWILLIAMS ADMINISTRATOR OF THE ESTATE


OF LAWANDA MCWILLIAMS, DECEASED, AND AS NEXT 


FRIEND OF KEITH MCWILLIAMS, A MINOR, AND SETH 


ANDREW MCWILLIAMS, A MINOR, AND TOM NEIL 


FERGUSON AND VIRGINIA LEE FERGUSON,




 Appellants


v.



ROBERT JOHN MASTERSON, WERNER ENTERPRISES, INC.,


DRIVERS MANAGEMENT, INC., PAUL GABEL AND KENT GABEL 




 Appellees

_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 33,389; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before QUINN, REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS AS TO PAUL GABEL AND KENT GABEL


 Appellants Kendall McWilliams, Administrator of the Estate of LaWanda
McWilliams, Deceased, and as Next Friend of Keith McWilliams, a Minor, and Seth Andrew
McWilliams, a Minor, and Tom Neil Ferguson and Virginia Lee Ferguson (collectively
referred to as Appellants) filed an unopposed motion to dismiss Paul and Kent Gabel from
the appeal. Nothing appearing of record which indicates that the dismissal of the Gabels
will prejudice any other party to the appeal, we grant the motion. Tex. R. App. P. 42.1(b). 
 The appeal of the appellants is dismissed as to Paul Gabel and Kent Gabel.


 Per Curiam

Do not publish.



 justice court afforded Alex Ray opportunity to present oral argument and
documentary evidence is moot, for he was accorded a trial de novo in the Dallam County
Court. (1) In short, it matters not what occurred in the justice court given the de novo trial
conducted by the county court. 

 Next, Alex Ray failed to cite to authority or the record. Such is required by Rule
38.1(h) of the Texas Rules of Appellate Procedure. (2) This, consequently, results in the
waiver of his complaint. In re B.A.B., 124 S.W.3d 417, 420 (Tex. App.-Dallas 2004, no
pet.). 

 Third, the appellate record contains neither a reporter's record of the trial nor a
document illustrating that Alex Ray requested one. (3) The burden lay with him, as the
appellant, to present us with a record showing reversible error. Englander Co. v. Kentucky,
428 S.W.2d 806, 807 (Tex. 1968); American Paging of Texas, Inc. v. El Paso Paging, Inc.,
9 S.W.3d 237, 240 (Tex. App.-El Paso 1999, pet. denied); Cliff v. Bonner, 770 S.W.2d 97,
98 (Tex. App.-Corpus Christi 1989, writ denied). Without a reporter's record, we have no
way of verifying the truthfulness of Alex Ray's version of what occurred at the trial. Indeed,
its absence requires us to presume that the missing record actually supports the trial
court's actions, if any. Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.-Houston [1st Dist.]
1999, no pet.); see In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.). 
(holding that because the appellant did not request the reporter's record, the appellate
court must presume that the missing record supported the trial court's decision). Thus, we
presume that the missing record legitimized what, if anything, the trial court did with regard
to the admission of evidence and the limitation on argument. 

Issues 2, 3, 4, 5, 6, and 7 - Law of the Case


 The remaining issues before us concern the effect of an opinion we rendered on
March 14, 1995, in cause number 07-94-0178-CV, styled Martin Stafford, Trustee of A.M.
& J. Trust v. Eddie Stafford, Independent Administrator of the Estate of Alex Stafford. 
Therein, we held, according to Alex Ray, that the estate of Alex Stafford did not own the
land in question. Furthermore, this decision purportedly constituted the law of the case
and bound the hands of both the justice and Dallam County courts in this proceeding. We
overrule the issues for several reasons.

 First, to the extent that Alex Ray sought to defeat the forcible entry suit by
contending that Eddie did not own the property, neither the justice nor the county court had
the jurisdiction to decide ownership. Rice v. Rainey, 51 S.W.3d 705, 708-09 (Tex. App.-
Dallas 2001, no pet.) So, we cannot fault them for opting not to address that issue.

 Second, the concept known as law of the case applies only to subsequent
proceedings in the same case after an appeal has been taken and the cause remanded. 
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Hallmark v. Hand, 885 S.W.2d
471, 474 (Tex. App.-El Paso 1994, writ denied). The forcible entry and detainer action
between Eddie and Alex Ray, initiated in the justice court for Dallam County, and assigned
cause number 4971, was not the same case as that from which arose our March 14, 1995
decision. 

 Third, the March 14, 1995 opinion was not our last involving the dispute between
Martin Stafford, as trustee of A.M. & J. Trust, and Eddie Stafford, as independent
administrator of his father's estate. We issued another on October 28, 1998, in cause
number 07-97-0494-CV and affirmed the decision of the trial court. The latter had held that
the property allegedly transferred to Martin Stafford, as trustee, reverted to Alex Stafford
or his estate. Furthermore, the Texas Supreme Court denied Stafford's request to review
our decision. Consequently, the holding in our March 14th opinion, and upon which Alex
Ray heavily relies, was effectively superceded; it constituted no foundation for his
argument. 

Frivolous Appeal


 Finally, Eddie moved, in his appellee's brief, for sanctions against Alex Ray for the
filing of a frivolous appeal. We grant the motion.

 Rule 45 of the Texas Rules of Appellate Procedure authorizes us to sanction an
appellant if we determine that the appeal was frivolous. Tex. R. App. P. 45. Whether to
do so, however, lies within our discretion. Rios v. Northwestern Steel & Wire Co., 974
S.W.2d 932, 936 (Tex. App.-Houston [14th Dist.] 1998, no pet.). In exercising that
discretion, we 1) may not consider any matter that does not appear in the record, briefs,
or other papers filed in the court of appeals, Tex. R. App. P. 45, 2) must act with prudence,
caution, and careful deliberation, Rios v. Northwestern Steel & Wire Co., 974 S.W.2d at
936, and 3) view the record from the advocate's standpoint to determine whether there
were reasonable grounds to believe that the trial court's judgment was reversible. Safeway
Managing Gen. Agency v. Cooper, 952 S.W.2d 861, 870 (Tex. App.-Amarillo 1997, no
writ). Moreover, pertinent indicia to consider include, among other things, whether 1)
appellant was attempting to relitigate an issue previously resolved, Njuku v. Middleton, 20
S.W.3d 176, 178 (Tex. App.-Dallas 2000, pet denied), 2) appellant provided us an
incomplete record, Tate v. E.I. du Pont de Nemours & Co., 954 S.W.2d 872, 875 (Tex.
App.-Houston [14th Dist.] 1997, no pet.), 3) appellant failed to respond to the request for
sanctions, American Paging of Texas, Inc. v. El Paso Paging, Inc., 9 S.W.3d at 242, and
4) appellant filed an inadequate brief. Tate v. E.I. du Pont de Nemours & Co., 954 S.W.2d
at 875. Having perused the record with these indicia in mind, we note the following. 

 First, all but the first issue proffered by Alex Ray had been resolved several years
earlier by our opinion in cause number 07-97-0494-CV. Again, in that case, we affirmed
the trial court's award of the realty in question to Eddie, as representative of the estate of
Alex Stafford. Moreover, Alex Ray neither mentioned that decision in his brief nor
attempted to explain why it did not control the outcome of the forcible entry and detainer
proceeding. This cannot be because he was unaware of it since the opinion was received
into evidence below, according to the clerk's record. 

 Second, an incomplete record was provided to us by Alex Ray, as we noted when
addressing issue one. Without it, we were unable to assess the legitimacy of that issue.

 Third, his brief was also inadequate, as we also addressed when responding to the
first issue. No authority was cited to support his contention that he was denied due
process. And, while he did mention our March 14, 1995 opinion, he neglected to
acknowledge that our subsequent opinion in that same case vitiated any notion that the
estate of Alex Stafford did not own the property. 

 Fourth, though the request for sanctions was included in Eddie's appellate brief,
Alex Ray did not respond to it. We have nothing from him explaining why he believed he
had a reasonable chance of reversing the trial court's judgment. 

 Given the foregoing circumstances, we conclude that the appeal was frivolous. 
Thus, we assess $500 as reasonable damages recoverable by Eddie for having to respond
to the baseless matter. 

 Accordingly, we affirm the judgment of the trial court. We further order that Alex
Ray Stafford immediately pay Eddie Stafford, as the independent administrator of the
estate of Alex Stafford, the sum of $500.

 

 Brian Quinn 

 Justice
1. Appeal from the justice court to the county court entitles the party to a trial de novo. Tex. R. Civ. P.
574b. 
2. A pro se litigant is obligated to comport with the rules of procedure just as one represented by an
attorney is required to comply with them. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.-Amarillo
1998, pet. ref'd).
3. While Alex Ray states that no reporter's record was made of the proceedings, he does not complain
of that on appeal. Thus, we do not address whether the act, assuming of course that it is true, constituted
error.