NO. 07-04-0262-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 10, 2004

_____

ALEX RAY STAFFORD,

Appellant

v.

EDDIE STAFFORD, INDEPENDENT ADMINISTRATOR of the ESTATE of
ALEX STAFFORD, DECEASED,

Appellee
_____

FROM THE COUNTY COURT OF DALLAM COUNTY;

NO. 1982; HON. DAVID D. FIELD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Alex Ray Stafford (Alex Ray) appeals from a final judgment entered in favor of Eddie

Stafford, as the independent administrator of the estate of Alex Stafford, deceased (Eddie).

Eddie had initiated a forcible entry and detainer action against Alex Ray to remove the

latter from real property located in Dallam County. The local justice of the peace granted

Eddie the relief he sought. Thereafter, Alex Ray appealed to the County Court of Dallam

County. A trial *de novo* was had, after which judgment was again awarded Eddie. Acting

*pro se*, Alex Ray asserts seven issues before us. The first concerns whether he was denied due process because both trial courts allegedly barred him from offering "evidentiary documents into the record" or making "any oral statements on the record." The last six involve whether the trial court erred when it purportedly failed to follow the law of the case, *i.e.* an opinion we rendered in another cause but apparently involving the same realty. We affirm the judgment of the trial court.

### Issue 1 - Due Process

Regarding the matter of due process, we overrule the issue for several reasons. First, whether the justice court afforded Alex Ray opportunity to present oral argument and documentary evidence is moot, for he was accorded a trial *de novo* in the Dallam County Court.[1] In short, it matters not what occurred in the justice court given the *de novo* trial conducted by the county court.

Next, Alex Ray failed to cite to authority or the record. Such is required by Rule 38.1(h) of the Texas Rules of Appellate Procedure.[2] This, consequently, results in the waiver of his complaint. *In re B.A.B.,* 124 S.W.3d 417, 420 (Tex. App.–Dallas 2004, no pet.).

Third, the appellate record contains neither a reporter's record of the trial nor a document illustrating that Alex Ray requested one.[3] The burden lay with him, as the

---

[1]Appeal from the justice court to the county court entitles the party to a trial *de novo.* TEX. R. CIV. P. 574b.

[2]A *pro se* litigant is obligated to comport with the rules of procedure just as one represented by an attorney is required to comply with them. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. ref'd).

[3]While Alex Ray states that no reporter's record was made of the proceedings, he does not complain of that on appeal. Thus, we do not address whether the act, assuming of course that it is true, constituted error.

appellant, to present us with a record showing reversible error. *Englander Co. v. Kentucky,* 428 S.W.2d 806, 807 (Tex. 1968); *American Paging of Texas, Inc. v. El Paso Paging, Inc.,* 9 S.W.3d 237, 240 (Tex. App.–El Paso 1999, pet. denied); *Cliff v. Bonner,* 770 S.W.2d 97, 98 (Tex. App.–Corpus Christi 1989, writ denied). Without a reporter's record, we have no way of verifying the truthfulness of Alex Ray's version of what occurred at the trial. Indeed, its absence requires us to presume that the missing record actually supports the trial court's actions, if any. *Till v. Thomas,* 10 S.W.3d 730, 733 (Tex. App.–Houston [1st Dist.] 1999, no pet.); *see In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.). (holding that because the appellant did not request the reporter's record, the appellate court must presume that the missing record supported the trial court's decision). Thus, we presume that the missing record legitimized what, if anything, the trial court did with regard to the admission of evidence and the limitation on argument.

### Issues 2, 3, 4, 5, 6, and 7 - Law of the Case

The remaining issues before us concern the effect of an opinion we rendered on March 14, 1995, in cause number 07-94-0178-CV, styled *Martin Stafford, Trustee of A.M. & J. Trust v. Eddie Stafford, Independent Administrator of the Estate of Alex Stafford*. Therein, we held, according to Alex Ray, that the estate of Alex Stafford did not own the land in question. Furthermore, this decision purportedly constituted the law of the case and bound the hands of both the justice and Dallam County courts in this proceeding. We overrule the issues for several reasons.

First, to the extent that Alex Ray sought to defeat the forcible entry suit by contending that Eddie did not own the property, neither the justice nor the county court had

3

the jurisdiction to decide ownership. *Rice v. Rainey,* 51 S.W.3d 705, 708-09 (Tex. App.–Dallas 2001, no pet.) So, we cannot fault them for opting not to address that issue.

Second, the concept known as law of the case applies only to subsequent proceedings in the same case after an appeal has been taken and the cause remanded. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Hallmark v. Hand*, 885 S.W.2d 471, 474 (Tex. App.–El Paso 1994, writ denied). The forcible entry and detainer action between Eddie and Alex Ray, initiated in the justice court for Dallam County, and assigned cause number 4971, was not the same case as that from which arose our March 14, 1995 decision.

Third, the March 14, 1995 opinion was not our last involving the dispute between Martin Stafford, as trustee of A.M. & J. Trust, and Eddie Stafford, as independent administrator of his father's estate. We issued another on October 28, 1998, in cause number 07-97-0494-CV and affirmed the decision of the trial court. The latter had held that the property allegedly transferred to Martin Stafford, as trustee, reverted to Alex Stafford or his estate. Furthermore, the Texas Supreme Court denied Stafford's request to review our decision. Consequently, the holding in our March 14th opinion, and upon which Alex Ray heavily relies, was effectively superceded; it constituted no foundation for his argument.

### *Frivolous Appeal*

Finally, Eddie moved, in his appellee's brief, for sanctions against Alex Ray for the filing of a frivolous appeal. We grant the motion.

Rule 45 of the Texas Rules of Appellate Procedure authorizes us to sanction an appellant if we determine that the appeal was frivolous. Tex. R. App. P. 45. Whether to

4

do so, however, lies within our discretion. *Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d 932, 936 (Tex. App.–Houston [14ᵗʰ Dist.] 1998, no pet.). In exercising that discretion, we 1) may not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals, TEX. R. APP. P. 45, 2) must act with prudence, caution, and careful deliberation, *Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d at 936, and 3) view the record from the advocate's standpoint to determine whether there were reasonable grounds to believe that the trial court's judgment was reversible. *Safeway Managing Gen. Agency v. Cooper*, 952 S.W.2d 861, 870 (Tex. App.–Amarillo 1997, no writ). Moreover, pertinent indicia to consider include, among other things, whether 1) appellant was attempting to relitigate an issue previously resolved, *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.–Dallas 2000, pet denied), 2) appellant provided us an incomplete record, *Tate v. E.I. du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.–Houston [14ᵗʰ Dist.] 1997, no pet.), 3) appellant failed to respond to the request for sanctions, *American Paging of Texas, Inc. v. El Paso Paging, Inc.*, 9 S.W.3d at 242, and 4) appellant filed an inadequate brief. *Tate v. E.I. du Pont de Nemours & Co.*, 954 S.W.2d at 875. Having perused the record with these indicia in mind, we note the following.

First, all but the first issue proffered by Alex Ray had been resolved several years earlier by our opinion in cause number 07-97-0494-CV. Again, in that case, we affirmed the trial court's award of the realty in question to Eddie, as representative of the estate of Alex Stafford. Moreover, Alex Ray neither mentioned that decision in his brief nor attempted to explain why it did not control the outcome of the forcible entry and detainer proceeding. This cannot be because he was unaware of it since the opinion was received into evidence below, according to the clerk's record.

Second, an incomplete record was provided to us by Alex Ray, as we noted when addressing issue one. Without it, we were unable to assess the legitimacy of that issue.

Third, his brief was also inadequate, as we also addressed when responding to the first issue. No authority was cited to support his contention that he was denied due process. And, while he did mention our March 14, 1995 opinion, he neglected to acknowledge that our subsequent opinion in that same case vitiated any notion that the estate of Alex Stafford did not own the property.

Fourth, though the request for sanctions was included in Eddie's appellate brief, Alex Ray did not respond to it. We have nothing from him explaining why he believed he had a reasonable chance of reversing the trial court's judgment.

Given the foregoing circumstances, we conclude that the appeal was frivolous. Thus, we assess $500 as reasonable damages recoverable by Eddie for having to respond to the baseless matter.

Accordingly, we affirm the judgment of the trial court. We further order that Alex Ray Stafford immediately pay Eddie Stafford, as the independent administrator of the estate of Alex Stafford, the sum of $500.

Brian Quinn
Justice