NO. 07-08-0053-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 21, 2009
_____

JUDY LAWRENCE, APPELLANT

V.

DESIREE ALEXIS STAFFORD, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF ALEX RAY STAFFORD, DECEASED,
AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
MARTIN STAFFORD, DECEASED, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10,557; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

This appeal is a continuation of a long-running family dispute over title to land in

Dallam County. Appellant Judy Lawrence,[1] appearing *pro se*, challenges the trial court's

decree partitioning real property between Lawrence and her niece, appellee Desiree Alexis

_____

[1] Lawrence states in her brief that she appears individually and as trustee of A.M.&
J. Trust, Coldwater Trust, and Red River Trust.

Stafford Hughes.[2]  Finding Lawrence's issues without merit, we affirm the judgment of the trial court.  Finding further that the appeal is frivolous, we award Hughes damages.

## Background

By a partition proceeding conducted under cause number 10,238 in the 69th District Court of Dallam County, the court partitioned among their family members land formerly owned by Alex Stafford and his wife Martin Delene Stafford, who were Lawrence's parents. The decree confirming the report of commissioners in that proceeding was signed February 4, 2005, and was affirmed by this court on Lawrence's appeal, in appellate case number 07-05-0050-CV.[3]

In that prior appeal, Lawrence took the position she had asserted in other related litigation,[4] arguing the land was not a part of her father's probate estate because it had been conveyed to the trustees of one or more trusts.  But litigation during the 1990's had held the transferee trusts invalid and nonexistent, and found the land was held instead by Lawrence's mother and her father's estate.[5]

---

[2] Hughes appears both individually and as independent administrator of the estates of Alex Ray Stafford, deceased, and Martin Stafford, deceased.

[3] *See Lawrence v. Stafford,* No. 07-05-0050-CV, 2006 Tex. App. Lexis 2632 (Tex.App.–Amarillo March 31, 2006, pet. denied).

[4] *See Lawrence*, 2006 Tex. App. Lexis 2632, at *3 n.2 (citing cases).

[5] That litigation, conducted under cause number 8707 in the 69th District Court of Dallam County, led to our opinion affirming the trial court's judgment. *Stafford v. Stafford*, No. 07-97-0494-CV, 1998 Tex. App. Lexis 6740 (Tex.App.–Amarillo October 28, 1998, pet. denied) (not designated for publication).  The Supreme Court of Texas denied a petition for review.

Hughes is the daughter of Lawrence's brother Alex Ray Stafford. When Martin Stafford died in 2003 and Alex Ray Stafford in 2004, Hughes was appointed independent administrator of each estate. Through the 2005 decree, Lawrence and Hughes became co-owners, in equal shares, of a part of the land partitioned in cause number 10,238. In 2006, Hughes initiated the instant partition action, seeking to divide the land between them. The trial court ordered partition and appointed commissioners. Lawrence did not appeal that order. The commissioners filed their report and the court set a confirmation hearing. Although Lawrence answered the lawsuit and filed objections to the commissioners' report, she did not appear at the confirmation hearing. Following the hearing, the court signed a decree confirming the report of the commissioners. Lawrence requested findings of fact and conclusions of law which were signed and filed by the trial court seven days later. Lawrence timely filed a notice of appeal. Lawrence filed a clerk's record but did not bring forward a reporter's record of the confirmation hearing.

## Discussion

For our discussion, we begin by reproducing verbatim the argument section of the appellate brief Lawrence filed.

ISSUE ONE ARGUMENT–The real Estate Property involved in this Partitioning Action (Case No. 10557) is the exact same Real Estate Property

3

that was involved in *Stafford v. Stafford* 07-94-0178 CV (1995) (unpublished),[6] and a part of the Original Case (Case No. 8707).

ISSUE TWO ARGUMENT–In *Stafford v. Stafford* 07-94-0178 CV (1995) (unpublished), the Court of Appeals for the Seventh District of Texas at Amarillo issued an *Opinion* in which the Court stated, "Where a trust fails based on illegality of purpose, the property remains in the hands of the trustee, free of trust, and does not revert to the grantor. *Rogers v. Rogers,* 240 S.W. 1104, 1105 (sic).

ISSUE THREE ARGUMENT–In *Hudson v. Wakefield,* 711 S.W.2d 675 (Tex. 1986), the court held that "Once the Law of the Case has been set by a Court of last resort, it will govern the case through its subsequent stages."

ISSUE FOUR ARGUMENT–For the District Court in and for Dallam County, Texas to allow Kyle Lewis, [attorney for Hughes] a licensed practicing attorney, and Desiree Alexis Stafford, as Independent Administrator of the Estate of Alex Ray Stafford, deceased, and others to continue attempting to

---

[6] In a March 14, 1995, opinion in case number 07-94-0178-CV, styled *Martin Stafford Trustee of A.M. & J. Trust v. Eddie Stafford, Independent Administrator of the Estate of Alex Stafford, deceased,* (not designated for publication), this court reversed a summary judgment in favor of the independent administrator that declared conveyances of Alex Stafford's land to trustees were invalid and vested title to an interest in the land in his estate. We remanded the cause to the district court. After further proceedings, that court entered a judgment again decreeing that Alex Stafford's heirs and estate held title to an interest in the land. As noted, we affirmed that judgment in *Stafford v. Stafford*, No. 07-97-0494-CV, 1998 Tex. App. Lexis 6740 (Tex.App.–Amarillo October 28, 1998, pet. denied) (not designated for publication).

Unlawfully and Illegally obtain what is not theirs to have, after a Court of Last Resort, in *Stafford v. Stafford* 07-94-0178 CV (1995) (unpublished), has issued a *Mandate* barring them from challenging the validity of conveyances made to various Trusts, can be nothing more than denial of due process and equal protection of the law.

ISSUE FIVE ARGUMENT–The District Court in and for Dallam County, Texas by refusing to execute the *Mandate* issued in *Stafford v. Stafford* 07-94-0178 CV (1995) (unpublished), and choosing to ignore the *Mandate* has created a situation where justice has been denied at all levels of the Judicial system.

(Capitalization, punctuation, and italics in original).

The issues Lawrence argues are familiar to us. In substance they are no more than reiterations of five of the seven issues we addressed and overruled in her last appeal, in number 07-05-0050-CV.[7] As before, all five of her current appellate issues are founded on the contention that statements in our 1995 opinion in *Stafford v. Stafford,* under the

---

[7] On our own motion, we take judicial notice of our record in *Lawrence v. Stafford,* No. 07-05-0050-CV, 2006 Tex. App. Lexis 2632, (Tex.App.–Amarillo March 31, 2006, pet. denied) and specifically the content of the brief Lawrence filed. *See* Tex. R. Evid. 201.

doctrine of law of the case,[8] finally determined the issue of title to the land.[9]  Despite our

previous repeated and clear holdings that the doctrine does not have the effect she posits,

Lawrence insistently continues to present the same contention, without even so much as

acknowledging our previous opinions rejecting it.  *See, e.g., Lawrence*, 2006 Tex. App.

Lexis 2632, at *3-4 (*citing Stafford v. Stafford,* No. 07-97-0494-CV, 1998 Tex. App. Lexis

6740 (Tex.App.–Amarillo Oct. 28, 1998, pet. denied) (not designated for publication).

Much less does she make an effort to explain why issues we overruled in 07-05-0050-CV,

and have rejected on other occasions,[10] now have merit.  For the same reasons we have

given before, we reject Lawrence's contentions and overrule her issues.

---

[8] *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (according to the law of the case doctrine, questions of law decided on appeal to a court of last resort govern the case throughout its subsequent stages).

[9] The argument section of Lawrence's brief in case number 07-05-0050-CV also contained claims of conspiracy and collusion between the trial court judge and counsel for the appellee and error by the trial court judge in preparing findings of fact and conclusions of law.  In her current appeal, in the issues presented section of her brief Lawrence includes contentions that the trial court judge and counsel for Hughes engaged in "Fraud, Conspiracy, Collusion, and Obstruction of Justice," and the court did not properly respond to her request for findings of fact and conclusions of law.  These two issues, however, were not addressed in the argument section of her brief, and we do not discuss them further, except to note that Lawrence's brief contains no mention of facts supporting her assertions against the trial court and opposing counsel.

[10] In other litigation concerning the probate estate of Alex Stafford, similar issues have been unsuccessfully urged in this court.  In *Stafford v. Stafford,* No. 07-04-0262-CV, 2004 WL 2029704, 2004 Tex. App. Lexis 8291 (Tex.App.–Amarillo, Sept. 10, 2004, pet. dism'd) (mem. op.), Lawrence's brother (who, as noted, was Hughes' father) Alex Ray Stafford *inter alia* claimed our March 14, 1995 opinion in number 07-94-0178-CV established the law of the case, controlling all subsequent litigation over the title to the land, and the trial court was biased against him.  We overruled his issues, and for reasons discussed in the opinion, we awarded a monetary sanction against Alex Ray Stafford according to Rule 45.  2004 Tex. App. Lexis 8291, at *6-9.  *See* Tex. R. App. P. 45.  In *Stafford v. Stafford,* No. 07-97-0494-CV, 1998 Tex. App. Lexis 6740 (Tex.App.–Amarillo Oct. 28, 1998, pet. denied) (not designated for publication) Martin Stafford unsuccessfully argued the controlling nature of our March 14, 1995 opinion.

In case number 07-05-0050-CV, the appellees asked us to find Lawrence's appeal was frivolous and assess damages according to Rule of Appellate Procedure 45. *Lawrence v. Stafford,* 2006 Tex. App. Lexis 2632, at *9; Tex. R. App. P. 45. We denied the request for damages at that time. 2006 Tex. App. Lexis 2632, at *9. Hughes repeats the request in her brief on this appeal. She argues the matters Lawrence attempts to place in issue by the instant appeal have long been finally, judicially resolved, a fact known by Lawrence, and Lawrence filed a brief similar to that presented in this appeal in case number 07-05-0050-CV.

Rule 45 authorizes us to sanction an appellant if we determine the appeal is frivolous. Tex. R. App. P. 45. The decision rests with the sound discretion of the appellate court. *Rios v. Northwestern Steel & Wire Co.,* 974 S.W.2d 932, 936 (Tex.App.–Houston [14th Dist.] 1998, no pet.). We may not consider any matter that does not appear in the record, briefs or other papers filed in the court of appeals, Tex. R. App. P. 45, we must act with prudence, caution, and careful deliberation, *Rios,* 974 S.W.2d at 936, and, viewing the record from the advocate's standpoint we consider whether there were reasonable grounds to believe the trial court's judgment was reversible. *Smith v. Brown,* 51 S.W.3d 376, 282 (Tex.App.–Houston [1st Dist.] 2001, pet. denied) (applying Rule 45); *Safeway Managing Gen. Agency v. Cooper,* 952 S.W.2d 861, 870 (Tex.App.–Amarillo 1997, no writ) (applying predecessor Rule 84). In deciding whether to assess damages appellate courts also have considered such factors as an appellant's attempt to relitigate an issue previously resolved, *Njuku v. Middleton,* 20 S.W.3d 176, 178 (Tex.App.–Dallas 2000, pet denied), an appellant's provision of an incomplete record for review, *Tate v. E.I. du Pont de Nemours*

*& Co.,* 954 S.W.2d 872, 875 (Tex.App.–Houston–[14th Dist.] 1997, no pet.), an appellant's failure to respond to the request for sanctions, *American Paging of Texas, Inc. v. El Paso Paging, Inc.,* 9 S.W.3d at 237, 242 (Tex.App.–El Paso 1999, pet. denied), and an appellant's filing of an inadequate brief. *Tate,* 954 S.W.2d at 875.

Applying such factors to Lawrence's present appeal, we note first the question of title to the land vis-a-vis the failed trusts was resolved long ago by judgment of the trial court which we affirmed in case number 07-97-0494-CV. As noted, Lawrence does not mention this decision in her brief. Rather, she persists with the argument that our decision of March 14, 1995, in case number 07-94-0178-CV is controlling in all subsequent cases. We have previously pointed out this is an incorrect application of the law.

Moreover, it is especially pointless for Lawrence to continue her erroneous contentions in this present proceeding, which simply accomplished the dividing between Hughes and her of the parcels of land partitioned to them in trial court cause number 10,238.

Second, Lawrence presented an incomplete record as she did not bring forward the reporter's record from the hearing of which she complains. The absence of a reporter's record and proper argument leave us with no indication that Lawrence preserved any of her complaints in the trial court. *See* Tex. R. App. P. 33.1(a).

Third, as is apparent from the sections of Lawrence's brief we have quoted, the inadequacies of her brief are, in this context, severe. The argument supporting each of her five issues consists of a single sentence. Moreover, Lawrence does not refer to our

8

previous opinions rejecting the very same issues she now presents. Lawrence's brief contains no legal authority except that we previously have rejected, and contains no analysis or discussion[11] explaining why we should now accept her contentions in the face of our previous holdings. *See Safeway Managing General Agency*, 952 S.W.2d at 871 (noting appellant's failure to "meaningfully support" points of error in accordance with appellate rules as indicative of appeal brought for purpose of delay). Although we have not chosen to find Lawrence's issues were waived because of inadequate briefing,[12] her near-verbatim repetition in this case of contentions previously rejected, without further supporting argument, is an abuse of her right of appeal. *See Smith v. Brown,* 51 S.W.3d at 282 (*quoting Bradt v. West,* 892 S.W.2d 56, 79 (Tex.App.–Houston [1st Dist.] 1994, writ denied) (citations omitted)) (the right of appeal is valuable and means "[n]o litigant has the right to put a party to needless burden and expense or to waste a court's time that would otherwise be spent" adjudicating the valid claims presented by other pending appellate cases).

Fourth, Lawrence has presented no response to Hughes' request for damages according to Rule 45. There is nothing before us from Lawrence explaining why she believes a reasonable chance exists for overruling the judgment of the trial court. Indeed, as noted above, the contentions Lawrence now asserts have been previously, and

---

[11] *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

[12] *See, e.g., Sunnyside Feedyard L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex.App.–Amarillo 2003, no pet.) (holding that the failure to properly brief an issue results in its waiver).

unsuccessfully, argued to this court by Lawrence and others of her family disputing title to the land.

We find Lawrence could not reasonably have expected to reverse the trial court on her presentation in this court. Her appeal is frivolous according to Rule 45. We assess $1500.00 as reasonable damages recoverable by Hughes for having to respond to the frivolous appeal.

We affirm the judgment of the trial court. We further order Lawrence pay Hughes, within thirty days of our mandate in this case, the sum of $ 1500.00.

Per Curiam.