**Amended Order filed October 25, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-11-00445-CV

_____

**KRISTOFER THOMAS KASTNER, Appellant**

**V.**

**THE KROGER CO., ANN POTTER and MELINDA COOMBS Appellees**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-45365**

## A M E N D E D    O R D E R

No record has been filed in this appeal.   According to information provided to this court, this is an appeal from a judgment signed May 6, 2011.   Appellant filed his notice of appeal on May 18, 2011.   Appellant also filed an affidavit of indigence.   On May 23, 2011, the Harris County District Clerk filed a contest to appellant's affidavit of inability to pay costs.   This court has been advised that to date, there has been no order signed on the District Clerk's contest.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs. Rule 20.1(i) provides that the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing within 10 days after the contest was filed. Tex. R. App. P. 20.1(i)(2). The time for conducted a hearing must not be extended for more than 20 days from the date the order extending the hearing is signed. Tex. R. App. P. 20.1(i)(3). If the trial court has not signed an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs. Tex. R. App. P. 20.1(i)(4).

In this case, the contest to appellant's affidavit was filed more than four months ago. The time period to conduct a hearing and sign an order sustaining the contest has long passed. This court has no discretion to grant an extension of time to conduct the hearing on the contest or to sign an order on the contest. If a trial court does not have plenary power, it has no authority to conduct a hearing on a contest. *See In re J.B.*, No. 12-03-00033-CV, 2003 WL 1922835, at *2 (Tex. App.—Tyler April 23, 2003, no pet.). Accordingly, we issue the following order:

The allegations in appellant's affidavit of indigence are deemed true and appellant is allowed to proceed without the advance payment of costs. *See* Tex. R. App. P. 20.1(i)(4); *see also In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The Harris County District Clerk is ordered to file a clerk's record in this appeal on or before **November 28, 2011**.

The trial court has advised this court that the judgment signed May 6, 2011, granted a motion for summary judgment. A reporter's record of the hearing is not necessary in summary judgment proceedings. *See McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 343, n.7 (Tex. 1993); *Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d 932, 936 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Motions for summary judgment are decided solely on the written pleadings, affidavits and discovery on file with the trial court. *See*

Tex. R. Civ. P. 166a(b). Accordingly, no reporter's record is required to be provided without advance payment of costs in this appeal unless appellant establishes that the record is necessary to his appeal.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.