

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

Nos. 07-12-0095-CV, 07-12-0139-CV, 07-12-0509-CV
_____

R. WAYNE JOHNSON, APPELLANT

V.

APRIL RIGGS, APPELLEE

_____

IN RE R. WAYNE JOHNSON, RELATOR

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 64,226B, Honorable John Board, Presiding
And
Original Proceedings

March 22, 2013

MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant R. Wayne Johnson, a prison inmate appearing *pro se*, is a vexatious litigant subject to a prefiling order under Chapter 11 of the Texas Civil Practice and

Remedies Code.[1]  On July 19, 2011, he sued appellee April Riggs seeking actual damages of $20,000 and punitive damages allegedly resulting from her claimed solicitation of "state actors to halt [Johnson's] fundamental right to free speech, his mail."

The trial court dismissed Johnson's suit for failure to obtain the prefiling permission of the local administrative judge[2] and assessed a monetary sanction against Johnson.  Johnson timely appealed.  In conjunction with his case on appeal, Johnson filed two petitions for writ of mandamus,[3] a motion to voluntarily dismiss the appeal, and other motions.  The parties request the imposition of appellate sanctions against the other and Johnson asks that we hold Riggs' appellate counsel in contempt.  We will grant Johnson's motion for voluntary dismissal, deny the mandamus petitions and render additional orders.

Background

Throughout these proceedings, Johnson has been incarcerated in Potter County, Texas.  He filed his lawsuit against Riggs in the 100th District Court of Collingsworth

---

[1] *See Johnson v. Clark,* No. 07-11-00122-CV, 2011 Tex. App. Lexis 8593, at *1-2 (Tex.App.--Amarillo Oct. 28, 2011, no pet.) (mem. op.) (noting Johnson "has been declared a vexatious litigant and the 156th District Court of Bee County entered a prefiling order requiring that he obtain permission of a local administrative judge before filing new litigation in a Texas court"); Chapter 11, Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-11.104 (West 2002 and Supp. 2012); Texas Office of Court Administration, Vexatious Litigant Order http://www.courts.state.tx.us/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf.

[2] Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a)(2); 11.102 (West Supp. 2012).

[3] These petitions bear case numbers 07-12-0139-CV and 07-12-0509-CV. Because the issues raised are merely variations of Johnson's contentions on appeal, we will address and dispose of the two original proceedings through this opinion.

County.  Riggs was a resident of Randall County.  Nothing in the record indicates the cause of action Johnson alleged accrued in whole or in part in Collingsworth County or that venue in that county was otherwise mandatory or permissive.

On August 15, 2011, Riggs moved for a change of venue to Randall County. Johnson did not respond to the motion but filed an amended petition adding claims against three other parties.[4]  By order signed September 22, 2011, the district court of Collingsworth County transferred the case to the 181st District Court of Randall County.

In a motion filed January 10, 2012, Riggs brought to the attention of the trial court that Johnson was a vexatious litigant subject to a prefiling order.  Attached to the motion was a copy of an appellate decision wherein the court noted with supporting citations that "Johnson has been declared a vexatious litigant in at least three district courts of the State of Texas."  *In re Johnson,* No. 06-11-00096-CV, 2011 Tex App. Lexis 8003, at *1 n.1 (Tex.App.--Texarkana Oct. 7, 2011, orig. proceeding) (mem. op.).  The motion referred the court to the requirement of Chapter 11 that the court stay the litigation and dismiss the case unless, not later than ten days after the notice was filed, Johnson obtained permission to pursue his lawsuit from the local administrative judge.

The motion also requested an award of monetary sanctions against Johnson for filing a pleading violating rule of civil procedure 13.  Attached to the motion was the affidavit of Riggs' attorney supporting the requested award of attorney's fees.  A

---

[4] For the purpose of finality of the judgment on appeal, we treat the three parties added by Johnson's amended pleading as nonsuited from the cause.  So far as the record shows, service was never properly requested on these parties, they were never served and they never entered an appearance. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment).

3

certificate of service indicates Johnson was served a copy of Riggs' motion by certified mail, return receipt requested at his prison address. Johnson did not file a response or obtain the permission of the local administrative judge to proceed with his suit.

By an order signed January 31, 2012, the trial court dismissed Johnson's suit for failure to obtain permission of the local administrative judge to file suit. The order also awarded a monetary sanction against Johnson as compensation for Riggs' attorney's fees. In a pleading filed in the trial court on February 21, 2012, Johnson asserted he was denied due process when the trial court dismissed his suit and imposed sanctions without notice and a hearing. The trial court took no action on the pleading. This appeal followed.

Analysis

Johnson's Motion to Dismiss the Appeal

After briefing was completed, Johnson filed a motion seeking voluntary dismissal of his appeal. An appellate court may dismiss an appeal in accordance with an appellant's motion. Tex. R. App. P. 42.1(a)(1). We will grant Johnson's motion, and dismiss his appeal.

Riggs' Cross-Issue

In a cross-issue, Riggs argues Johnson has not met certain procedural requirements of Chapter 14 of the Texas Civil Practice and Remedies Code[5] on appeal and therefore his brief should be "unfiled" and subsequently dismissed absent timely

---

[5] Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2002 & Supp. 2012).

4

compliance with the statute. Since we have granted Johnson's motion for voluntary dismissal of the appeal, we dismiss Riggs' cross-issue as moot.

Riggs' Request for Appellate Sanctions

Riggs argues Johnson's appellate brief is frivolous and "appropriate sanctions" should be imposed for its "frivolous portions." Appellate rule 45 authorizes us to sanction an appellant if we determine the appeal is frivolous. Tex. R. App. P. 45. "An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." *Owen v. Jim Alee Imports, Inc.,* 380 S.W.3d 276, 290 (Tex.App.--Dallas 2012, no pet.) (citing *Smith v. Brown,* 51 S.W.3d 376, 381 (Tex.App.--Houston [1st Dist.] 2001, pet. denied)). The decision to award sanctions rests with the sound discretion of the appellate court. *Rios v. Northwestern Steel & Wire Co.,* 974 S.W.2d 932, 936 (Tex.App.--Houston [14th Dist.] 1998, no pet.). We may not consider any matter that does not appear in the record, briefs or other papers filed in the court of appeals, Tex. R. App. P. 45, we must act with prudence, caution, and careful deliberation, *Rios,* 974 S.W.2d at 936, and, viewing the record from the advocate's standpoint we consider whether there were reasonable grounds to believe the trial court's judgment was reversible. *Smith v. Brown,* 51 S.W.3d 376, 382 (Tex.App.--Houston [1st Dist.] 2001, pet. denied) (applying Rule 45); *Safeway Managing Gen. Agency v. Cooper,* 952 S.W.2d 861, 870 (Tex.App.--Amarillo 1997, no writ) (applying predecessor Rule 84).

By his first appellate issue, Johnson asserted that even though he selected Collingsworth County as the situs for his suit against Riggs, venue in Potter County was mandatory because of his status as a prison inmate in that county and the order

transferring venue to Randall County therefore is void.[6]  In his second issue, Johnson argued the order dismissing his suit under Chapter 11 for failure to obtain prior permission of the local administrative judge is void because it was issued in violation of his due process rights to notice and a hearing.[7]  By his third appellate issue, Johnson argued his due process rights were violated when the trial court awarded a monetary sanction without first affording him notice, an opportunity for hearing, and appointment of counsel.

Having dismissed his appeal on Johnson's motion, we express no opinion on the merits of the three issues he raised but, considering the entire record, we deny Riggs' motion for sanctions on appeal.

Johnson's Simultaneous Pursuit of Review by Mandamus

During the pendency of this appeal, Johnson filed two petitions for writ of mandamus directly related to the relief he sought on appeal.  We have consolidated these petitions with this appeal for disposition.

---

[6] This court and at least one other court of appeals have rejected such a contention.  *In re Johnson,* No. 07-11-00497-CV, 2012 Tex. App. Lexis 336 (Tex.App.--Amarillo Jan. 13, 2012, orig. proceeding) (mem. op.) (addressing same contention in mandamus proceeding against judge of 100th District Court of Collingsworth County); *see also Johnson v. Cornelius,* No. 07-11-00091-CV, 2011 Tex. App. Lexis 7762 (Tex.App.--Amarillo Sept. 28, 2011, no pet.) (mem. op.); *In re Johnson,* No. 07-10-0254-CV, 2011 Tex. App. Lexis 4886, at *5-6 n.3 (Tex.App.--Amarillo, June 28, 2011, orig. proceeding) (mem. op.); *In re Johnson,* No. 12-07-0032-CV, 2007 Tex. App. Lexis 673 (Tex.App.--Tyler, January 31, 2007, orig. proceeding) (mem. op.) (each addressing similar contention by Johnson).

[7] On similar facts, we previously have addressed and overruled a like argument by Johnson.  *Johnson v. Rodriguez,* No. 07-11-0485-CV, 2012 Tex. App. Lexis 9751 (Tex.App.--Amarillo Nov. 28, 2012, no pet.) (mem. op.) (finding no violation of due process rights in dismissal of suit under Chapter 11).

*Case No. 07-12-0139-CV*

In case number 07-12-0139-CV, Johnson seeks mandamus against the Honorable Stuart Messer, judge of the 100th District Court of Collingsworth County. His petition asks that we direct Judge Messer to rescind his September 22, 2011 order transferring Johnson's suit to Randall County.[8] We deny the petition for mandamus, for both procedural and substantive reasons.

The petition does not meet the specifications of appellate rule 52.3 (form and contents of petition) and it lacks a proper and sufficient record as required by appellate rule 52.7. Tex. R. App. P. 52.3 & 52.7; *see In re Johnson,* No. 11-13-00059-CV, 2013 Tex. App. Lexis 1608, at *1-2 (Tex.App.--Eastland Feb. 21, 2013, orig. proceeding) (per curiam, mem. op.) (concerning inadequacy of Johnson's mandamus record, noting *pro se* litigant is not exempt from complying with procedural rules).

In substance, the petition does not demonstrate a clear abuse of discretion by Judge Messer. *See In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding) (standard for mandamus relief). The petition was filed April 13, 2012, over six months after Judge Messer had signed the order transferring the case to Randall County. Judge Messer's plenary jurisdiction to rescind the transfer order had long expired by the time Johnson filed his petition. *See In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam) ("After a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days").

---

[8] In a subsequent motion, he requested "due process." We will consider these documents together as Johnson's petition in case number 07-12-0139-CV.

Johnson's petition for mandamus in case number 07-12-0509-CV, filed November 26, 2012, is addressed to the Honorable John Board, judge of the 181st District Court of Randall County. It complains of the grant of attorney's fees as a sanction in the order dismissing Johnson's suit against Riggs. The argument is merely an expansion of that urged through his third issue in his appeal of the trial court's order.

We note initially that the petition carries the same procedural deficiencies as that in case number 07-12-0139-CV.

Moreover, the petition does not, and cannot, demonstrate that Johnson had no adequate remedy by appeal. *See In re Prudential*, 148 S.W.3d at 135-36 (stating that requirement for mandamus). At the time he filed his mandamus petition, there was pending an appeal of the trial court's order dismissing Johnson's suit against Riggs. In his motion to dismiss his appeal, Johnson asserted that an appeal does not lie from a void order. The assertion is misguided. At the outset, we note that Johnson has not demonstrated that the order of the trial court dismissing Johnson's suit against Riggs is void. That aside, while it is true that trial court actions that are void may be challenged by petition for mandamus, *see In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding, per curiam), an order may also be challenged as void in an appeal. *See In re Johnson,* Nos. 14-09-00603-CV & 14-09-00614-CV, 2009 Tex. App. Lexis 5649, at *2-3 (Tex.App.--Houston [14th Dist.] 2009, orig. proceeding) (per curiam, mem. op.) (disagreeing with Johnson's theory that an appeal does not lie from a void order). And the extraordinary remedy of mandamus is available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies."

8

*Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding); *see In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887-88 (Tex. 2010 (orig. proceeding). In *Holloway*, the supreme court held the court of appeals abused its discretion by granting relief by extraordinary writ to remedy a perceived error of the trial court when an appeal directly attacking the trial court's judgment also was pending. 767 S.W.2d at 684. Here, as noted, the issue Johnson raises in the petition for mandamus is the same as that asserted in the direct appeal of the order that terminated Johnson's litigation against Riggs. *Holloway* teaches that mandamus relief is not available here. *Id.* And nothing in the supreme court's more recent mandamus jurisprudence suggests otherwise. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 467-68 (Tex. 2008) (orig. proceeding); *In re Prudential,* 148 S.W.3d at 136 (discussing "no adequate remedy by appeal" requirement). That Johnson later voluntarily dismissed his appeal does not change things.

Johnson has attached to his petition an argument that the 2001 order of a Bee County district court declaring him a vexatious litigant and subjecting him to Chapter 11's prefiling requirement is void. In a subsequently-filed motion, Johnson asserts the 2001 order was entered after the plenary power of the Bee County district court expired. We consider these arguments part of Johnson's petition. But, as with his other assertions, Johnson wholly fails to support these contentions with a proper mandamus record.

For all these reasons, Johnson's petition for writ of mandamus in case number 07-12-0509-CV is denied.

Johnson's June 5, 2012 Pleading

On June 5, 2012, Johnson filed in this Court a document containing multifarious contentions, some addressing statements made in Riggs' appellee's brief in the appeal, and some arguing for mandamus relief against Judge Board. In part, the mandamus relief sought is characterized as based on section 15.0642 of the Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (West 2002). We will address that particular request, which flows from Johnson's contention that mandatory venue for his suit against Riggs lay in Potter County, under section 15.019 of the Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.019 (West 2002) As Johnson points out, mandatory venue mandamus is available under section 15.0642 without regard to the adequacy of an appellate remedy. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding). By the terms of section 15.0642, however, mandamus relief is available before trial. *See In re Missouri Pac.*, 998 S.W.2d at 216 (section contains "a timetable for seeking mandamus"). Nothing before us shows that Johnson brought his mandatory venue contention to the attention of Judge Board. Moreover, Johnson had in place a timely appeal of the order dismissing his suit against Riggs. By its enactment of section 15.0642, the Legislature did not replace resolution of venue issues on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b); *In re Missouri Pac.*, 998 S.W.2d at 216 (enacting section 15.0642, Legislature "left in place the 'presumed harm' rule for challenging venue in an appeal after trial"). Under the circumstances presented here, Johnson's invocation of section 15.0642 adds nothing of substance to his request for mandamus relief.

Johnson's Remaining Pending Motions

In the part of his June 5, 2012 pleading replying to Riggs' appellee's brief, Johnson moves for an order holding Riggs' appellate counsel in contempt, striking Riggs' appellate brief, and awarding appellate sanctions under appellate rule 45. We find no basis in the record for any of the relief Johnson requests and all relief sought by the pleading is denied.

In the direct appeal, Johnson filed a document entitled "motion to afford due process." From its substance, it is more accurately characterized as an additional reply brief. Putting aside Johnson's failure to request and obtain leave to file further appellate briefing, Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe"), because we have dismissed the appeal on Johnson's motion, the motion is dismissed as moot. To the extent Johnson seeks further relief by the motion, it is denied.

On February 22, 2013, Johnson filed a motion challenging the trial court's jurisdiction based on the asserted absence of jurisdiction in the Bee County district court to issue the 2001 prefiling order. The substance of the motion is identical to that previously mentioned in conjunction with case number 07-12-0509-CV. We again note that Johnson's claim is not supported by a proper or adequate record. The motion is denied.

Conclusion

On Johnson's motion, the appeal in case number 07-12-0095-CV is dismissed. Johnson's petitions for writ of mandamus bearing case numbers 07-12-0139-CV and

11

07-12-0509-CV are denied.  Johnson's motion for contempt and appellate sanctions is denied.  Riggs' motion for appellate sanctions is denied.  All remaining motions of the parties in case numbers 07-12-0095-CV, 07-12-0139-CV, and 07-0509-CV are denied.  As Johnson is indigent, no costs are taxed.

James T. Campbell
Justice
