Melton HARRELL and Deborah
Harrell, Appellants,

v.

Natverlal "Natu" PATEL, Appellee.

No. 08–04–00060–CV.

Court of Appeals of Texas,
El Paso.

Aug. 4, 2005.

Rehearing Overruled Sept. 21, 2005.

E.P. Bud Kirk, El Paso, for Appellants.

Mark N. Osborn, Kemp, Smith, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellants Melton and Deborah Harrell appeal from a money judgment granted in favor of Appellee Natverlal "Natu" Patel. Appellants bring five issues on appeal, challenging the sufficiency of the evidence and raising issues dealing with the admission and exclusion of testimony. We must affirm.

After a bench trial, the trial court judge signed a judgment in favor of Appellee, awarding him an amount of $1,000,000.[1] There were no findings of fact and conclusions of law filed. In the absence of findings of fact, we must imply all findings necessary to support the trial courts judgment. *See* TEX.R.CIV.P. 299.

Melton and Deborah Harrell were the owners of the Missile Inn, Inc. On May 31, 1995, State National Bank ("Bank") loaned Missile Inn, Inc. $1,597,500. Missile Inn signed a promissory note and the note was secured by a Deed of Trust, Security Agreement and Financing Statements ("Deed of Trust"). The note was also covered by two guaranty agreements given by Appellants. The Bank then assigned and transferred the Note, Deed of Trust and Guaranties to WAMCO XXV, LTD. After Missile Inn, Inc. defaulted on the Note, WAMCO filed a lawsuit against the corporation and the Appellants seeking enforcement and collection of the Note, Deed of Trust and Guaranties.

---

1. The trial court entered a judgment against Mr. Harrell in the amount of $500,000 plus interest rate on the amount of 5 percent per annum from the date of the judgment. The trial court also entered a judgment against Mrs. Harrell for the same amount and same interest rate.

Subsequently, Missile Inn, Inc. filed a voluntary Chapter 11 petition in bankruptcy and the case was removed to bankruptcy court. WAMCO then obtained a summary judgment in the bankruptcy proceeding establishing the validity of the Note and the corporation's liability on the Note in the amount of $1,735,755.53 plus interest. WAMCO then transferred and assigned to Appellee the Judgment, the Note, Deed of Trust, and Guaranties. WAMCO's claims for recovery against the Appellants was remanded to County Court of Law No. 7.

On October 1, 2002, the property in question was sold through a foreclosure sale, pursuant to the Deed of Trust. The transfer of the property including its title, was accomplished by the execution and recording of a Substitute Trustee's Deed. The parties agree that if any deficiency on the Judgment and the Note is owed by Missile Inn, Inc. to Appellee, after applying the credit from the sale, this amount with interest would be $1,104,586.33 as of December 15, 2003.

At the trial court, the parties agreed that the factual dispute was whether the guaranties were for $500,000 or $200,000. The Appellants allege that they only agreed to $200,000 and that at the time they signed the guaranties, the first two pages of a total of three were missing and that the amount was changed. Additionally, there was a dispute as to whether there was only one guaranty or two guaranties.

### Sufficiency of the Evidence

In Issue One, the Appellants challenge the legal sufficiency of the evidence presented at trial to show a liability or deficiency owed to the Appellants on the guaranty. In Issue Two, Appellants challenge the factual sufficiency of the evidence supporting the trial court's finding that there were two guaranties made individually by the Appellants.

### Standards of Review

In reviewing a "no evidence" or legal sufficiency attack, we must examine the record in the light most favorable to the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Jenkins v. Jenkins*, 16 S.W.3d 473, 477 (Tex.App.-El Paso 2000, no pet.). If there is more than a scintilla of probative evidence supporting the finding of the trial court, it must be upheld. *See City of Beaumont v. Spivey*, 1 S.W.3d 385, 392 (Tex.App.-Beaumont 1999, no pet.). More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, " 'rises to the level that would enable reasonable and fair-minded people to differ in their conclusions.' " *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). When an appellant attacks the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof at trial, the appellant must demonstrate on appeal that there is "no evidence" to support the adverse finding. Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 364–68 (1960).

A factual sufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In the Interest of B.R.*, 950 S.W.2d 113, 120–21 (Tex.App.-El Paso 1997, no pet.). We cannot substitute our conclusions for those of the fact finder. *Id.* at 121. If sufficient competent evidence of probative force exists to support the finding, it must be sustained. *Id.* We may not

interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951); *In the Interest of B.R.,* 950 S.W.2d at 121. Where conflicting evidence is present, the fact finder's determination on such matters is generally regarded as conclusive. *In the Interest of B.R.,* 950 S.W.2d at 121.

 A stipulation is "an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Shepherd v. Ledford,* 962 S.W.2d 28, 33 (Tex.1998), *citing Ortega–Carter v. American Intl. Adjustment Co.,* 834 S.W.2d 439, 441–42 (Tex.App.-Dallas 1992, writ denied). To be enforceable, the stipulation must be in writing, signed, and filed as part of the record, or made in open court and entered of record. TEX.R.CIV.P. 11. Stipulations are binding upon the parties, the trial court, and the reviewing court. *See Jim Sowell Const. Co., Inc. v. Dallas Cent. Appraisal Dist.,* 900 S.W.2d 82, 84 (Tex.App.-Dallas 1995, writ denied); *M.J.R.'s Fare of Dallas, Inc. v. Permit and License Appeal Bd. of Dallas,* 823 S.W.2d 327, 330–31 (Tex.App.-Dallas 1991, writ denied). A stipulation may limit or excluded issues to be tried in any case. *See Hansen v. Academy Corp.,* 961 S.W.2d 329, 335 (Tex.App.-Houston [1st Dist.] 1997, writ denied). Where the stipulation limits the issues to be tried or considered by the jury, those issues are excluded from consideration. *Federal Lanes, Inc. v. City of Houston,* 905 S.W.2d 686, 689 (Tex. App.-Houston [1st Dist.] 1995, writ denied). A stipulation obviates the need for proof on [the] litigable issue. *Hansen,* 961 S.W.2d at 335.

The record before this Court indicated that there was an "Agreement of the Parties Concerning the Trial of This Cause and Evidence to Be Presented to the Court at the Trial of this Cause" ("Agreement"). The pertinent part reads:

2. The parties stipulate that the following facts and documents, as listed and described below, are not in dispute and are to be admitted into evidence without objection for all purposes at trial and shall be considered by the Court in rendering its judgment in this cause:

. . .

k. Wamco obtained summary judgment (the 'Judgment') dated September 30, 2002 in the bankruptcy proceeding establishing the validity of the Note and Missile Inn's liability on the Note in the amount of $1,735,755.53 plus interest.

. . .

n. Wamco, subsequent to the remand, transferred and assigned to Patel the Judgment, Note, Deed of Trust, and Guaranties. The transfer is evidenced in part by a Loan Sale Agreement, Allonge, Absolute Assignment And Assumption Of Note & Deed of Trust and Loan Documents, and Notice Of Transfer And Assignment Of Final Judgment (hereinafter the 'Patel Transfer Documents'). True and correct copies of the Patel Transfer Documents are attached.

o. On October 1, 2002, the Property was sold pursuant to the terms and provisions of the Deed of Trust at a valid, proper, legal and duly conducted foreclosure sale. The transfer of the Property, including title to the Property, was accomplished by the execution and recording of a Substitute Trustees Deed (the "Deed").

. . .

q. Patel is the holder and owner of the Judgment, Note, and Guaranties.

r. Subject to 5(f) below, the deficiency owed by Missile Inn on the Judgment and the Note as of October 1, 2002, after applying the credit from the sale of the Property, was $985,755.53.

s. Subject to 5(f) below, the amount of interest which has accrued on this deficiency from October 1, 2002 through December 15, 2003, is $118,830.80, making the deficiency owed on the Judgment and the Note as of December 15, 2003, $1,104,586.33.

Appellee testified that since 1982, he had purchased about 170 commercial properties. He said that the deeds of those 170 properties did not contain the actual purchase price. He also stated that in his experience, the purchase price of a commercial real property would not be recorded in the deed. He also testified that his claim was for the deficiency between the bid amount and the owed amount. He testified that the entire indebtedness that was owed on the note and the judgment was not extinguished by his credit bid. Viewed in the light most favorable to the judgment, the foregoing evidence supports the trial court's implied finding that a liability on the guaranty existed. Issue One is overruled.

■ The trial Agreement also stipulated that the only factual issues remaining in need of resolution by the trial court were:

a. Whether Melton Harrell agreed to guaranty the indebtedness of Missile Inn in the amount of $500,000.00 or $200,000.00, and

b. Whether Deborah Harrell agreed to guaranty the indebtedness of Missile Inn in the amount of $500,000.00 or $200,000.00

At trial, a portion of Mrs. Harrell's deposition was read into the record. Mrs. Harrell's deposition indicated that she was familiar with guaranties, and she identified her signature on the Guaranty Agreement, but testified that she did not recall signing the document or having any discussions about the guaranty of the Missile Inn. She indicated that if Mr. Harrell had asked her to sign something, she signed it without "really reading through it trusting that he had read it."

Relevant portions of Mr. Harrell's deposition were also read into the record. Mr. Harrell also testified that he had signed the Guaranty Agreement, but that he did not recall the agreement specifically. He testified that he believed the Guaranty Agreement called for a $200,000 guarantee, as was discussed during the negotiations with the Bank. He testified that he did not read the documents. Mr. Harrell alleged that he did not agree to the guarantee presented in the documents, and that he believed that language was added to the document after he had signed the documents.

The deposition of Ms. Sancie Jordan, the escrow officer handling the Missile Inn, Inc. transactions, was also presented to the court. Ms. Jordan stated that she mailed the Appellants the documents, including the Guaranty Agreement, which was three pages long. She testified that she did not recall the Appellants notifying her that two pages of the guaranty agreement were missing. A review of her records indicated that the three pages of the guaranty were mailed to the Appellants and there was no indication of any fraud.

Don Melendez's deposition was also read into the record. Mr. Melendez was the special asset manager at the Bank when the transactions in question took place. He testified that he was the per-

son who foreclosed on Missile Inn, Inc. As to the alleged fraud raised by the Appellants, specifically, that the first two pages of the Guaranty Agreement were missing at the time they signed the documents, and that the guaranty was suppose to be for $200,000 and not $500,000, Mr. Melendez testified that he did not have any knowledge of fraud occurring. He testified that if this had occurred, he would have alerted the president of the Bank. He further testified as to a Memorandum regarding the loan made to the Appellants. The Memorandum contained a section marked Guarantors, which had both Mr. and Mrs. Harrell's names, which suggested to Mr. Melendez that two guaranties would be executed, one by Mr. Harrell and one by Mrs. Harrell, and each would be for $500,000.

After examining the evidence, we find that the trial court's finding that two guaranties were executed by the Appellants is not against the great weight and preponderance of the evidence as to be manifestly unjust. Issue Two is overruled.

In Issue Three, Appellants challenge the admission of testimony they allege to be hearsay. After a careful review of the record, we find that Appellants have failed to preserve this issue for review.

■ A hearsay objection is waived if it is not asserted in the trial court. *Campbell v. Salazar*, 960 S.W.2d 719, 723 n. 1 (Tex.App.-El Paso 1997, pet. denied). To preserve error when evidence is improperly admitted, a party must object to the evidence offered. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991); *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989). We do not reach the issue of whether improperly admitted evidence is reversible error unless the party asserting error preserved the complaint on the admission of the evidence. *Clark*, 774 S.W.2d at 647. Unobjected-to hearsay testimony is not de-

nied probative value merely because it is hearsay. TEX.R.CIV.EVID. 802.

In this case, Appellants do not point to any place in the record where they objected to the testimony complained-of on appeal. We have not found any objection to such testimony. In failing to object to the admission of such evidence, Appellants have failed to properly preserve their complaint. *See Bushell*, 803 S.W.2d at 712; *Clark*, 774 S.W.2d at 647. Therefore, we overrule Appellant's Issue Three.

■ In Issue Four, Appellants challenge the exclusion of evidence on the foreclosed property's value. Appellants argue that the order *in limine* should not have excluded evidence of the foreclosed property's value. Appellee argues that there was no abuse of discretion because the trial court was not faced with making such an evidentiary ruling. In Issue Five, the Appellants contend that the trial court abused its discretion in permitting testimony which contained leading questions, which suggested the right answers to the questions with regard to whether the guaranty amount was $500,000 or $200,000.

■ A trial court abuses its discretion if it acts without reference to any guiding rules and principles, in other words, the court's act is arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellant court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242.

The Appellants do not provide a record cite where there was an attempt to introduce evidence regarding the fair market value of the property. After a review of

the record, we find no such attempt. Therefore, the Appellants have failed to properly show the trial courts abuse of discretion. *See* Tex.R.Evid. 103(a)(2). Likewise, in Issue Five, Appellants have not provided any record cites which reflect the exclusion of such evidence or the objection to such evidence being introduced. Appellants have simply failed to show any abuse of discretion on the trial court's part. We therefore overrule Issues Four and Five.

We affirm the trial court's judgment.