ACCEPTED
03-15-00471-CV
7944716
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/23/2015 10:57:58 AM
JEFFREY D. KYLE
CLERK

**Appeal No. 03-15-00471-CV**

_____

**In the Court of Appeals**
**Third Judicial District**
**AUSTIN, TX**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/23/2015 10:57:58 AM
JEFFREY D. KYLE
Clerk

_____

**ROSE M. GEISTER**
**Appellant**


**v.**


**DISCOVER BANK**
**Appellee**

_____

On Appeal from the County Court at Law Number Two
Hays County, Texas
Cause No. 14-0679C
The Honorable David Glickler, Judge Presiding

**BRIEF OF APPELLEE**


Respectfully submitted,

By: /s/ Troy D. Bolen_____
  **TROY D. BOLEN**
  State Bar Number 24006199
  **ELISE D. MANCHESTER**
  State Bar Number 24070566
  **ATTORNEYS FOR APPELLEE**
  **ZWICKER & ASSOCIATES, P.C.**
  Old Town Square
  1 Chisholm Trail, Suite 301
  Round Rock, Texas 78681
  ZATXattorneys@zwickerpc.com
  512-218-0488
  512-218-0477 fax

## LIST OF PARTIES AND THEIR COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and all trial and appellate counsel.

| Parties | Counsel |
|---|---|
| ROSE M. GEISTER<br>*Appellant* | **PRO SE** |
| DISCOVER BANK<br>*Appellee* | **TROY D. BOLEN**<br>**ELISE D. MANCHESTER**<br>ZWICKER & ASSOCIATES, P.C.<br>A Law Firm Engaged in Debt Collection<br>Old Town Square<br>1 Chisholm Trail, Suite 301<br>Round Rock, Texas 78681<br>512-218-0488<br>512-218-0477 fax<br>ZATXattorneys@zwickerpc.com |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . 5

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . 7

  Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

  Appellant Waived Her Objections to Appellee's Motion for Summary
  Judgment by Failing to File a Timely, Written Response. . . . . . . . . 7

  Oral Testimony is not Permitted at Summary Judgment Hearings . . . 11

  Appellant is Precluded from Raising New Claims on Appeal. . . . . . . 12

  Appellant May Not Submit New or Additional Evidence on Appeal . . 13

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

## Case Law

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). . 7, 8, 12

*Harrell v. Patel*, 225 S.W.3d 1 (Tex. App. —El Paso 2005, pet. denied) . . . . . .   9

*Haynes v. Haynes*, 178 S.W.3d 350 (Tex.App.—Houston [14th Dist.] 2005, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378 (Tex. 1978) . . . . . . . . . . .   9

*Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224 (Tex. App. —Houston [14th Dist.] 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857 (Tex. 2000) . . . . . . .   8

*Martinez v. Leeds*, 218 S.W.3d 845 (Tex.App.—El Paso 2007, no pet.)  . . . . . .  11

*Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858 (Tex.App.—San Antonio 1997, no writ.) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d 932 (Tex.App.—Houston [14th Dist.] 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . .  12

*Rizkallah v. Conner*, 952 S.W.2d 580 (Tex.App. —Houston [1st Dist.] 1997, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979) . . . .  13

*Samara v. Samara*, 52 S.W.3d 455 (Tex. App. —Houston [1st Dist.] 2001, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Seidner v. Citibank*, 201 S.W.3d 332 (Tex.App. —Houston [14th Dist.] 2006, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Till v. Thomas*, 10 S.W.3d 730 (Tex. App. — Houston [1ˢᵗ Dist.] 1999, no pet.) . 13

*Valence Oper. Co. v. Dorsett*, 164 S.W.3d 656 (Tex. 2005) . . . . . . . . . . . . . . . . 7

*Wiley-Reiter Corp. v. Groce,* 693 S.W.2d 701
(Tex. App.—Houston [14th Dist.] 1985, no writ) . . . . . . . . . . . . . . . . . . . . . . 12

*Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197
(Tex. App.—Houston [1st Dist.] 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes

Texas Rule of Civil Procedure 166a . . . . . . . . . . . .. . . . . . . . . . . . . . .     7, 8, 11

## STATEMENT OF THE CASE

This is an appeal from the July 13, 2015 order granting summary judgment in favor of Appellee, Discover Bank, against Appellant, Rose M. Geister.  (CR. 59-60).  Appellee's underlying action is for breach of contract arising from an unpaid balance due on Appellant's Discover Bank credit card account.  (CR. 4-6).

Appellee filed a Motion for Summary Judgment.  Appellant did not file a response to Appellee's Motion for Summary Judgment.  (CR. 72-73).  After notice and hearing, summary judgment was granted in favor of Appellee. (CR. 59-60). Appellant filed a Notice of Appeal on July 21, 2015.  (CR. 61-63).

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument for this appeal.

## ISSUES PRESENTED

ISSUE ONE:        APPELLANT WAIVED HER OBJECTIONS TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY FAILING TO FILE A TIMELY, WRITTEN RESPONSE

ISSUE TWO:        ORAL TESTIMONY IS NOT PERMITTED AT SUMMARY JUDGMENT HEARINGS

ISSUE THREE:     APPELLANT IS PRECLUDED FROM ASSERTING NEW DEFENSES ON APPEAL

ISSUE FOUR:      APPELLANT MAY NOT SUBMIT NEW OR ADDITIONAL EVIDENCE ON APPEAL

## STATEMENT OF FACTS

Appellee, Discover Bank, filed suit against Appellant, Rose M. Geister, on October 6, 2014 for breach of contract arising from charges associated with Appellant's Discover Bank credit card account. (CR. 4-6). Appellant was served with the lawsuit November 3, 2014. (CR. 72). Appellee filed a Traditional Motion for Summary Judgment on April 2, 2015 requesting that judgment be rendered for Appellee on its breach of contract claim against Appellant. (CR. 7-11). Appellant appeared at the summary judgment hearing but did not file a written response to Appellee's Motion for Summary Judgment. (CR. 72-73, RR. 2). After notice and hearing, summary judgment was granted in favor of Appellee on July 13, 2015. (CR. 59-60). Appellant filed a Notice of Appeal on July 21, 2015. (CR. 61-63).

## SUMMARY OF THE ARGUMENT

The trial court's summary judgment should be affirmed because Appellant waived her objections to Appellee's Motion for Summary Judgment by failing to file a timely, written response. Appellant was not permitted to testify at the summary judgment hearing because oral testimony is not allowed during summary judgment proceedings. Furthermore, Appellant is not permitted to assert new defenses or present new evidence on appeal. The trial court's judgment was proper, in accordance with the rules regarding summary judgment practice, and should be upheld by this Court

## ARGUMENT AND AUTHORITIES

### Standard of Review for Summary Judgment

A traditional motion for summary judgment is reviewed on appeal de novo. *Valence Oper. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

### Appellant Waived Her Objections to Appellee's Motion for Summary Judgment By Failing to File a Timely, Written Response

Appellant did not file a written response to Appellee's motion for summary judgment thus waiving her objections on appeal. A response to a motion for summary judgment must be in writing and must be filed and served at least seven days before the hearing. Tex. R. Civ. P. 166a(c); *See City of Houston v. Clear*

*Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). In the summary judgment context, the non-movant should assert all of its challenges to the summary judgment in its response. *See* Tex. R. Civ. P. 166a(c); *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000); *See also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). On appeal, the appellate court will not consider any issues as grounds for reversal that were not presented to the trial court by a written response. *Id.* A party must object in writing to any formal deficiencies in the summary judgment proof, or the party waives the objection. Tex. R. Civ. P. 166a(f); *City of Houston*, 589 S.W.2d at 677. None of the objections raised in Appellant's brief were properly asserted before the trial court in a written response filed seven days prior to the summary judgment hearing.

Appellant objects for the first time on appeal to the content of Appellee's summary judgment affidavit. The party objecting to the content of an affidavit submitted to the trial court must identify the specific statements in the affidavit that are objectionable and state why they are objectionable. *See Haynes v. Haynes*, 178 S.W.3d 350, 355 (Tex.App.—Houston [14th Dist.] 2005, pet. denied). Appellant failed to file a written response or produce any evidence before the trial court

showing that Appellee's summary judgment evidence was fraudulent or otherwise inadmissible.

Appellant also objects for the first time on appeal to the competency of Appellee's summary judgment affiant. The objection that an affidavit is made by an incompetent witness must be made in the trial court or else the objection is waived. *Rizkallah v. Conner*, 952 S.W.2d 580, 586 (Tex.App. —Houston [1st Dist.] 1997, no writ).

Next Appellant objects *on appeal* that Appellant's summary judgment affidavit contains hearsay testimony. An objection that testimony contains hearsay must be made before the trial court, or else it is waived. *Harrell v. Patel*, 225 S.W.3d 1, 6 (Tex. App. —El Paso 2005, pet. denied). Unless a party objects to hearsay evidence at trial, the evidence will support a grant of summary judgment. *Id.* Similarly, the objection that an affidavit does not lay the proper predicate for admissibility must be made at trial or else it is waived. *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380-81 (Tex. 1978); *Seidner v. Citibank*, 201 S.W.3d 332, 334-35 (Tex.App.—Houston [14th Dist.] 2006, pet. denied).

Appellee presented competent, admissible summary judgment evidence in support of its Motion for Summary Judgment. Appellee's summary judgment affidavit states that the affidavit is made on the basis of the affiant's personal

knowledge and the affidavit is properly sworn. (CR. 14-15). The documentary evidence consisting of the bank's business records attached to the affidavit shows the balance due and owing on Appellant's credit card account and the evidence admitted by the trial court is sufficient to support the court's award of a summary judgment in Appellee's favor. (CR. 17-56).

Appellant argues *on appeal* that a signed contract should have been produced at trial. However, the evidence admitted before the trial court of the defendant's acceptance and use of the credit card and then making payments on the account demonstrates the existence of an contract between the parties. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Appellant failed to properly and timely raise any of her objections in the trial court by way of a written response to Appellee's Motion for Summary Judgment. As a result, Appellant's defenses and objections to the summary judgment motion were waived and should not be considered for the first time on appeal. The trial court's decision to grant Appellee's Motion for Summary Judgment was proper based on the pleadings and evidence presented to the trial court. There is no reversible error presented on this appeal.

## Oral Testimony is Not Permitted at Summary Judgment Hearings

Appellant argues that her Due Process rights were violated as a result of not being allowed to testify and present evidence at the summary judgment hearing. Texas Rule of Civil Procedure 166a(c) provides that no oral testimony shall be received at a hearing on a motion for summary judgment. The trial court adhered to this rule by prohibiting Appellant from testifying at the summary judgment hearing. Further, the trial court did not consider any documentary evidence presented by the Appellant because it was not filed with a written response seven (7) days prior to the hearing in accordance with Texas Rule of Civil Procedure 166a(c). Appellant's rights were not violated by the trial court's actions. On the contrary, the trial court was applying the rules applicable to summary judgment proceedings. These rules apply to all litigants regardless of whether the party is proceeding pro se or is represented by counsel. *See Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.—El Paso 2007, no pet.). A party acting pro se must comply with substantive law and procedural rules. *Id.*

Appellant's allegations regarding the court reporter's record are unsubstantiated and irrelevant to this appeal. In an appeal of a summary judgment case, a reporter's record is generally not filed because Texas Rule of Civil Procedure 166a provides that no oral testimony shall be received at the hearing.

*Rios v. Northwestern Steel & Wire Co.*, 974 S.W.2d 932, 936 (Tex.App.—Houston [14th Dist.] 1998, no pet.). No reporter's record is necessary in the summary judgment context because no oral testimony shall be considered. *See id*. The reporter's record and Appellant's various allegations regarding the reporter's record are not relevant or material to this appeal.

**<u>Appellant is Precluded from Raising New Defenses and Claims on Appeal</u>**

Appellant's brief asserts various claims, causes of action, and defenses, including but not limited to fraud, RICO violations, violations of the Fair Debt Collection Practices Act, deceptive trade, statute of frauds, and state consumer protection laws. None of these claims or defenses were properly asserted in the trial court and cannot be asserted for the first time on appeal. It is well-settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried. *Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App. —Houston [14th Dist.] 2002) *citing Wiley-Reiter Corp. v. Groce,* 693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ). The trial court's grant of summary judgment will not be reversed on a ground that was not expressly presented to the trial court by a written motion, answer, or other response to the motion for summary judgment. *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 871 (Tex.App.—San Antonio 1997, no writ.). Issues a non-movant contends

defeat the grant of summary judgment that are not expressly presented to the trial court by written answer or other written response to the summary judgment motion are waived on appeal. *City of Houston v. Clear Creek Basin* Auth., 589 S.W.2d 671, 677 (Tex. 1979). Appellant did not include any of these defenses or claims in her pleadings before the trial court. Therefore Appellant did not preserve these issues for review on appeal.

### Appellant May Not Submit New or Additional Evidence on Appeal

Appellant is prohibited from presenting new or additional evidence on appeal that is not a part of the trial court's record. An appellate court may not consider matters outside the appellate record. *Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered. *See Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App. —Houston [1st Dist.] 2001, pet. denied); *Till v. Thomas*, 10 S.W.3d 730, 733-34 (Tex. App. — Houston [1st Dist.] 1999, no pet.).

Appellant has attached to her brief, as well as filed independently with the Court of Appeals, a number of documents that are not a part of the record on appeal, including letters to the Clerk of the Court of Appeals, settlement correspondence between the parties, proposed settlement documents sent to

Appellant after the summary judgment was signed, email correspondence with Freedom Debt Relief, and a letter filed September 23, 2015 with the Court of Appeals with various documents attached. (Appellant's Brief, Appendix C & D). None of the aforementioned documentation was included in the record on appeal and should not be considered by the Court for determination of this appeal.

## PRAYER

WHEREFORE, for the foregoing reasons as stated herein, Appellee respectfully requests that the trial court's order granting summary judgment be affirmed in its entirety. Appellant further requests any and all such other relief to which it may be entitled.

Respectfully submitted,

ZWICKER & ASSOCIATES, P.C.
A Law Firm Engaged in Debt Collection
Old Town Square
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
512-218-0488
512-218-0477 fax
ZATXattorneys@zwickerpc.com

By: /s/ Troy D. Bolen
     Troy D. Bolen
     State Bar Number 24006199
     Elise D. Manchester
     State Bar Number 24070566
     Attorneys for Appellee
     DISCOVER BANK

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the above Brief of Appellee on all

parties, which are listed below, via certified mail, return receipt requested and

regular mail on November 20, 2015 as follows:

**ROSE MARIE GEISTER**
156 Granite Shoals Drive
Kyle, Texas 78640

By: /s/ Troy D. Bolen
Troy D. Bolen
State Bar Number 24006199
Elise D. Manchester
State Bar Number 24070566
Attorneys for Appellee
DISCOVER BANK

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the number of

words in the above Brief of Appellee is 3377.

By: /s/ Troy D. Bolen
Troy D. Bolen
State Bar Number 24006199
Elise D. Manchester
State Bar Number 24070566
Attorneys for Appellee
DISCOVER BANK